460 So.2d 745 (1984)
CBM ENGINEERS, INC. & Colaco Engineers, Inc., Plaintiffs-Appellees,
v.
TRANSCONTINENTAL INSURANCE COMPANY, Defendant-Appellant.
No. 83-1157.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
Landry, Watkins & Bonin, William O. Bonin, and Ann Garber Stevens, New Iberia, for defendant-appellant.
Dodge, Friend, Wilson & Spedale, Gordon F. Wilson, Jr., New Orleans, David Foster, Lafayette, for plaintiffs-appellees.
Before DOUCET, LABORDE and YELVERTON, JJ.
LABORDE, Judge.
Defendant-appellant Transcontinental Insurance Company is the general liability insurer of plaintiffs-appellees CBM Engineers, Inc. and Colaco Engineers, Inc. Defendant appeals a partial summary judgment by the trial judge which declares that defendant is obligated to defend plaintiffs in personal injury and wrongful death suits filed against plaintiffs. The trial judge did *746 not err by granting partial summary judgment in favor of plaintiffs. We affirm.
Plaintiffs are business firms that provide structural engineering services. Plaintiffs were consulting structural engineers on a construction project in Lafayette. An elevator at the construction site used by construction workers fell from a hoisted position. Two workers were severely injured in the accident, and one of the workers eventually died from the injuries that he sustained.
Separate suits (now consolidated) were filed by the injured worker and on behalf of the deceased worker. Among the many named defendants in those suits are plaintiffs in this case. The allegations against plaintiffs are virtually identical in both suits. One of the petitions filed against plaintiffs alleges that plaintiffs are liable for the damages suffered by the workers on the following grounds:
"A. As engineers of the building under construction with its expertise in such matters, in failing to inspect the elevator in question to determine whether or not it was in a safe condition as to all personnel involved in the construction of said building.
B. In failing to properly instruct and supervise the operator and/or operators of the elevator in question as to its proper use, maintenance and control and safety standards to be followed.
C. In failing to make certain that the said operator and/or operators of the elevator had proper knowledge of all safety mechanisms and how to employ them while the elevator was in a hoisted position.
D. In failing as engineers of the construction project to have placed on the elevator and all other machinery and/or equipment in use warning signs and/or instructions as to the dangers inherent in the usage of said equipment.
E. In general, in failing to make certain that all phases of the construction project including its machinery was [sic] in proper operating conditions [sic] as well as to make certain no defects were present."
Plaintiffs demanded that their insurers defend them in the personal injury and wrongful death suits. The insurers refused to provide a defense, and plaintiffs subsequently filed suit against their insurers for damages, penalties, and attorney fees on the basis that the refusal to defend was wrongful, arbitrary and capricious, and without probable cause.
Plaintiffs' professional liability insurer then agreed to defend plaintiffs, and suit against that insurer was dismissed. However, defendant general liability insurer would not agree to defend plaintiffs. Instead, defendant filed a motion for a summary judgment to have the suit against it dismissed. Plaintiffs opposed this motion, and they also filed a motion for partial summary judgment. In their motion for partial summary judgment, plaintiffs prayed that defendant be adjudged obligated to provide a defense for plaintiffs in the suits filed against them.[1] The trial judge denied defendant's motion for summary judgment, but he granted plaintiffs' motion for partial summary judgment.
Defendant now appeals. Defendant contends that the trial court erred by finding that it is obligated to defend plaintiffs.
Defendant correctly states that it is plaintiff's general liability insurer and that its coverage of plaintiffs specifically excludes liability incurred in the course and scope of certain professional acts. An endorsement attached to plaintiffs' general liability policies provides:
"It is agreed that the insurance does not apply to bodily injury or property damage arising out of the rendering of or the *747 failure to render any professional services by or for the named insured, including (1) the preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications and (2) supervisory inspection or engineering services."
In American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969), the Louisiana Supreme Court stated:
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured."
Id. at 269, 230 So.2d at 259 (citations omitted).
Defendant and plaintiffs agree that Czarniecki provides the legal principles for the resolution of this dispute, but they differ in their interpretations of its effect on the undisputed facts of this case. Defendant argues that its coverage of plaintiffs could not extend to any of the alleged acts or omissions contained in the petitions filed against plaintiffs, even if the allegations of the petitions are accepted as completely true. Therefore, defendant's argument continues, it is not obligated to defend the suits against plaintiffs. Plaintiffs argue that, "liberally interpreted," some of the allegations of the petitions filed against plaintiffs could, if accepted as true, result in the liability of plaintiffs on grounds other than those specifically excluded in plaintiffs' general liability insurance policies.
The trial judge found that a liberal interpretation of the pertinent allegations contained in the petitions filed against plaintiffs would not foreclose the possibility that plaintiffs may be found liable for acts or omissions not excluded in plaintiffs' general liability insurance policies. We agree. For example, allegation (E) (see above) could be construed to include the breach of the general duty of reasonable care, owed by all involved in the construction project, to report unsafe conditions, whether the hazard was caused by a failure or omission involving engineering, or from another source. Furthermore, under the liberally interpreted allegations of the petitions, plaintiffs conceivably could be found liable for failure to warn individual workers of problems (if any) that they had noticed with the elevator. We do not believe the possibility is totally precluded that such a failure to warn may be outside of the "professional" or "supervisory" services plaintiffs agreed to perform in their contract with the building constructor.
Whether plaintiffs are liable to the personal injury and wrongful death claimants on the basis of professional or nonprofessional acts or omissions, or indeed, whether plaintiffs are liable at all, are matters to be resolved in other proceedings. We cannot foresee all theories of liability that might be advanced in the underlying tort suit, and even less can we predict which theories (if any) might carry the day for the personal injury and the wrongful death claimants. Furthermore, we will not explore the language of all of the insurance policies issued to plaintiffs in an attempt to set forth, in advance, under which outcomes at trial one or the other insurer would be obligated to provide indemnification. Clearly, however, the petitions filed against plaintiffs, the language of the general liability insurance policies, and the law of this state, all taken together, at least require defendant insurer to defend plaintiffs in the underlying case.
The trial judge achieved a just and proper result through the use of a summary *748 proceeding. If the mover is entitled to a judgment as a matter of law on the basis of undisputed facts, then a summary judgment should be granted. See La.Code Civ. Proc. art. 966. In this case, the law of this state limits the relevant facts to (1) the allegations of the petitions and (2) the relevant language of the insurance policies. As discussed above, the law was properly applied to the facts.
The nature of the judgment rendered in this suit may appear curious. The usual remedies in a suit for wrongful failure to defend are damages, penalties, and attorney fees. Under the circumstances of this case, however, the judgment is proper, see La.Code Civ.Proc. art. 1841; see also La.Code Civ.Proc. arts. 1871, 1872, 1875, and indubitably in the best interests of all parties. The judgment in this case is an interlocutory decree of liability that does not decide the issue of damages. See La. Code Civ.Proc. art. 966. Defendant can avoid liability for a larger damages award to plaintiffs, or possibly avoid any liability for damages, by heeding the judgment of the trial court and defending plaintiffs in the underlying tort suit.[2] In any event, the trial court has continuing jurisdiction in this suit to award damages and other proper relief. La.Code Civ.Proc. art. 968. Defendant is required to defend plaintiffs, and, therefore, should defendant persist in its refusal to defend, it will be liable, as a matter of law, for damages, penalties, and attorney fees. The extent of damages (if any) suffered by plaintiffs because of defendant's past refusal to defend in the underlying tort suit is a matter for the determination of the trial court, as is the propriety of attorney fees and penalties for the past refusal to defend. Only the extent of damages and the issue of penalties and attorney fees are open to question in further pursuance of this action, should plaintiff seek further relief in this matter.
There is no error. Based on the above reasons, the judgment of the trial court is affirmed at defendant Transcontinental Insurance Company's cost.
AFFIRMED.
NOTES
[1] The personal injury and wrongful death claims against plaintiffs have not been brought to trial or compromised or settled.
[2] See supra note 1.