478 So.2d 538 (1985)
Danny Paul GREGOIRE
v.
AFB CONSTRUCTION, INC. et al.
No. CA/85/0285.
Court of Appeal of Louisiana, First Circuit.
October 3, 1985.
*539 Gordon Crawford, Baton Rouge, Louis J. Lambert, Jr., Gonzales, for Danny Gregoire, plaintiff-appellee.
John W. Perry, Baton Rouge, for AFB Const. Co., Russell Lindsey, defendant-appellees.
Frank A. Fertitta, Baton Rouge, for Pointe Coupee, defendant-appellee.
L. Michael Cooper, Baton Rouge, for Star Telephone Co., defendant-appellee.
Kenny L. Riley, Baton Rouge, for Certified Engineering, Inc., Kevin Atkinson, defendant-appellant.
Arthur H. Andrews, Baton Rouge, for Safeco Ins. Co., defendant-appellee.
Kenneth E. Barnette, Baton Rouge, for Judice-Henry May Agency, defendant-appellee.
Charles W. Rea, Baton Rouge, for Commercial Union Ins., Defendant-Appellee.
John David Ziober, Baton Rouge, for Chicago Ins., Defendant, Appellee.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
PER CURIAM.
The primary issue in this case is whether or not Chicago Insurance Company has the obligation under its general liability insurance policy to defend its insured, Certified *540 Engineering, Inc., against plaintiffs' tort action.
On March 24, 1983, Danny Paul Gregoire, an employee of AFB Construction Company, Inc., was allegedly injured when he came into contact with a high voltage electric wire while stringing telephone lines for a Star Telephone Company project. Among those sued by Gregoire and his wife were Certified Engineering, Inc., which had contracted with Star Telephone to provide engineering services for the project, and Certified's resident engineer on the project, Kevin Atkinson. Certified Engineering filed a third party demand against its general liability insurer, Chicago Insurance Company. Chicago Insurance moved for a summary judgment, contending Gregoire's allegations against Certified Engineering related solely to liability for professional services which is excluded from coverage under the general liability policy.[1] The trial court granted Chicago Insurance's motion and dismissed Certified Engineering's third party demand. From that judgment, Certified Engineering presently appeals, contending Gregoire's petition includes allegations of general negligence on the part of Certified and Atkinson and that such acts are not excluded from coverage by the professional services endorsement.[2]
Article 966 of the Code of Civil Procedure provides that mover is entitled to summary judgment in his favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." The burden is on the mover to show clearly that there is not a genuine issue of material fact in dispute, and any reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the mover and in favor of trial on the merits. Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Company, 427 So.2d 1152, 1153 (La.1983).
Generally, an insurer's obligation to defend suits against its insured is broader than its liability for damage claims. American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253, 259 (1969); CBM Engineers, Inc. v. Transcontinental Insurance Company, 460 So.2d 745, 747 (La.App. 3rd Cir.1984). The insurer's duty to defend suits is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Czarniecki, supra; CBM Engineers, Inc., supra. The allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Czarniecki, supra; CBM Engineers, Inc., supra.
In determining if Chicago Insurance has a duty to defend Certified Engineering *541 in the present case, we must consider plaintiff Gregoire's allegations against both Atkinson (Certified's resident engineer) and Certified since the engineering company is potentially liable for Atkinson's actions under the doctrine of respondeat superior. La.Civ.Code art. 2320; State Farm Mutual Automobile Insurance Company v. LeBlanc, 460 So.2d 673, 676 (La.App. 1st Cir.1984), writ denied, 462 So.2d 653 (La.1985). In his petition, Gregoire includes allegations that Certified Engineering and Atkinson were negligent in their supervision of the project and allowed the project to proceed when they knew, or should have known, that the utility pole which allegedly injured Gregoire was in an unreasonably dangerous condition. In response to Gregoire's allegations, Certified Engineering and Atkinson maintain in their answers that Certified's only supervisory responsibility under its contract with Star Telephone was to insure that the end product of AFB Construction was in compliance with the plans and specifications contained in the contract.
Interpreted liberally, Gregoire's allegations that Certified Engineering and Atkinson knew of the danger but allowed the project to proceed, could be construed to include the breach of the general duty of reasonable care, (owed by all involved in the project), to report unsafe conditions. See CBM Engineers, Inc., supra. Such a duty to warn could be found to be outside of the "professional" or "supervisory" services Certified agreed to perform in its contract with Star Telephone. See CBM Engineers, Inc., supra. Thus, there is a genuine issue of material fact regarding whether or not Gregoire's allegations relate solely to Certified's professional duties. Therefore, the present case is inappropriate for summary judgment, and Chicago Insurance is required to defend Certified Engineering against Gregoire's allegations.
For these reasons, the judgment of the trial court is reversed and the matter is remanded. Appellee is to pay all costs of the appeal.
REVERSED AND REMANDED.
NOTES
[1] The policy contains an endorsement entitled "Architects and Engineers Professional Liability Exclusion" which reads as follows:

It is agreed that this policy does not apply to any liability arising out of any professional services performed by or for the Insured, including, but not limited to the following services:
1) The preparation or approval of maps, plans, opinions, reports, surveys, designs or specifications, and
2) supervisory inspection or engineering services.
[2] Certified also contends the word "performed" in the exclusion is ambiguous and argues the endorsement should be interpreted to exclude negligent professional acts from coverage but not negligent professional omissions such as those alleged by Gregoire. We find this argument is without merit. Exclusions, when ambiguous, will be construed in favor of the insured, but tortured constructions which seize on every word as a possible source of confusion will be dismissed as mere sophistry. Leonard, Tutrix of Bland v. Continental Assurance Company, 457 So.2d 751, 754 (La.App. 1st Cir.1984), writ denied, 460 So.2d 1047 (La.1984). We conclude the phrase "any liability" in the exclusion refers to liability for Certified's negligent professional omissions as well as negligent professional acts.