476 So.2d 1129 (1985)
Tommy BOURQUE, Plaintiff-Appellant,
v.
LEHMANN LATHE, INC., A DIVISION OF SMITH INTERNATIONAL, INC., and Evanston Insurance Company, Defendants-Appellees.
LEHMANN LATHE, INC., A DIVISION OF SMITH INTERNATIONAL, INC., Third-Party Plaintiff-Appellant,
v.
EVANSTON INSURANCE COMPANY, Third-Party Defendant-Appellee.
No. 84-700.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1985.
Writ Denied December 13, 1985.
*1130 Bernard Duhon, Abbeyville, for plaintiff-appellant.
Joseph Lemoine of Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Frank Dawkins, of Mouton and Assoc., Lafayette, Sally S. Shushan, Pan American Life Center, New Orleans, Fred T. Haas, III, New Iberia, for defendant-appellee.
Patrick Caffery of Caffery, Oubre and Dugas, New Iberia, for defendant-appellant.
Before GUIDRY, LABORDE, and KING, JJ.
*1131 LABORDE, Judge.
Plaintiff Tommy Bourque filed suit for personal injury against defendant Smith International, Inc. and directly against Smith International's insurer, Evanston Insurance Company. Smith International filed a third party demand against Evanston, seeking indemnification for and a defense against Bourque's claim. Evanston denied coverage, and filed a motion for summary judgment dismissing it from the suit. The trial judge granted Evanston's motion. Bourque and Smith International appeal. We affirm.
In a connected case, Bourque v. Lehmann Lathe, Inc., 476 So.2d 1125, (La.App. 3d Cir.1985), we affirm the trial judge's summary judgment dismissing plaintiff Bourque's action against Smith International, the insured in this case. Bourque had directly sued Smith International's insurer, Evanston, as well as Smith International itself, for alleged personal injuries. The issue that we consider in this case will now be explained.
The insurer sought summary dismissal from the action on the ground that, even if Smith International is liable to Bourque, the insurer is obligated neither to defend nor to indemnify Smith International, because it provided no coverage to Smith International that would include the claim made by Bourque. Both Bourque and Smith International opposed the insurer's motion for summary judgment, but the trial judge found that the insurer should be dismissed, as a matter of law, based on established, material facts. See La.Code Civ.Proc. art. 966. Smith International later received a summary dismissal of plaintiff Bourque's claim against it, which, as noted above, we have affirmed on appeal. Thus, Evanston, as Smith International's insurer, has necessarily been relieved of the responsibility to pay a potential damage award to Bourque, either through indemnity or directly, irrespective of our decision in this opinion, because a liability insurer cannot be liable for claims against its insured when, substantively, the insured itself is relieved of liability. However, apart from the duty to indemnify, a liability insurer has a broader duty to defend its insured against claims by third parties. See, e.g., American Home Assurance Company v. Czarniecki, 255 La. 251, 269, 230 So.2d 253, 259 (1969). Therefore, Evanston's dismissal from this case must still be examined, because if Evanston had a duty to defend Smith International against Bourque's suit, then the expense of Smith International in successfully defending the underlying tort claim was wrongfully incurred, and Evanston is answerable in damages to Smith International for wrongful failure to defend.
An insurer's duty to defend its insured is determined by consideration of the policy provisions covering the insured and the allegations of the petition filed against the insured (and here, also against the insurer by direct action). If the allegations made against the insured, taken as true, would result in liability on the part of the insured that is unambiguously not covered by the policy, then the insurer has no duty to defend. Otherwise, the insurer must provide a defense for its insured, regardless of the final outcome of the underlying suit. See Czarniecki, 255 La. at 269, 230 So.2d at 259; CBM Engineers v. Transcontinental Ins. Co. 460 So.2d 745, 747 (La.App. 3d Cir.1984); see also Taylor v. Duplechain, 469 So.2d 472, 473-74 (La. App. 3d Cir.1985).
The facts alleged by plaintiff Bourque against Smith International are discussed in the connected case noted above. In sum, however, we recap that Bourque claims he was injured in 1981 by a lathe manufactured by Lehmann Machine Company before it went bankrupt in 1969. Bourque claims that Smith International is the successor of Lehmann Machine and therefore liable for injuries caused by defective Lehmann Machine products.
The trial judge granted summary judgment for Evanston on the basis that Evanston provided no coverage that would include Bourque's alleged injury. The trial judge found that the insurance policy Evanston issued to Smith International expressly *1132 covered only "Caldwell Lehmann Hollow Spindle Lathes" manufactured by Smith International after 1976. Our examination of the policy confirms this finding.
Smith International and Bourque argue that even though the policy mentions only lathes manufactured by Smith International itself after 1976, nonetheless, Evanston should still have to provide coverage for plaintiff Bourque's claim, if that claim succeeds, because that claim "arises" out of Smith International's manufacture of "Lehmann" lathes. The argument is logical enough: if Smith International is liable to Bourque, it is liable because it has continued to manufacture the product line of the now defunct Lehmann Machine; this continuation of the "Lehmann" product line is represented by Smith International's manufacture of the lathe expressly covered by Evanston's policy, therefore, any liability on Smith International's part for Bourque's injury by a Lehmann Machine lathe "arises" out of Smith International's manufacture of its "Lehmann" lathe, which is covered by Evanston's liability policy.
This argument, however alluring, must nonetheless be rejected. An insurance policy is a contract, and under our system of law, the cardinal rule for ascertaining the meaning of a contract is to determine the common intent of the parties. La.Civ.Code art. 2045. When the intent of the parties is made clear by the wording of the contract itself, no further legal rules need be consulted for this interpretation. La.Civ.Code art. 2046. We agree with the trial judge that the plain meaning of the insurance policy at question here is that only injuries caused by lathes manufactured by Smith International itself, after 1976, are covered by the policy. The policy is specifically limited to liability for property damage and personal injuries that occur from the assembly and sale of Smith International's own lathes. To interpret coverage in the manner urged by Bourque and Smith International would ignore the common intent of insured and insurer at the time the contract of insurance was executed.
Based on the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to Tommy Bourque and one-half to Smith International.
AFFIRMED.