In the Matter of the COMPLAINT OF STONE PETROLEUM CORPORA-TION, as owner of the 1976 Concrete Barge, for Exoneration from or Limitation of Liability.

T. Sewell "SI" WILLIAMS, d/b/a Arthur H. Terry & Company, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 90–3780.

United States Court of Appeals, Fifth Circuit.

May 22, 1992.

Donald V. Organ, Fred E. Salley, Salley & Associates, New Orleans, La., for appellant.

Wood Brown, III, New Orleans, La., for appellee.

Before POLITZ, Chief Judge, KING and JOHNSON, Circuit Judges.

POLITZ, Chief Judge:

S.I. Williams, d/b/a Arthur H. Terry & Company appeals the dismissal of his claims against Insurance Company of North America, his comprehensive general liability insurer, for the cost of defense of third-party indemnity actions. Concluding that INA owed Williams the duty to defend under Louisiana law, we reverse.

*Background*

A Stone Petroleum Company concrete barge used as a production platform for an oil well in Lake Maurepas, Louisiana was severely damaged by weather and its hull insurer engaged Williams, a marine surveyor, to survey the barge, determine the extent of damage and cost of repair, and seek

repair bids. On behalf of the insurer, Williams approved Stone's selection of a repair company and the payment agreement. An explosion and fire occurred resulting in multiple deaths and injuries. Stone initiated a limitation of liability action.

In its suit Stone named Production Management Structural Systems, Inc., the principal contractor, and Holes of Louisiana, Inc., the subcontractor, retained to repair the weather damage. Production, Holes, and their insurers filed third-party claims against Williams. INA declined to defend Williams on the grounds that the suits were not covered by its policy. The policy lists as categories of coverage "Premises—Operations Hazard" and "Products—Completed Operations Hazard" and describes coverage as "Inspection Companies—Inspecting for Insurance or Valuation Purposes." INA maintains that the claims against Williams fall within the "Malpractice and Professional Services" exclusion, which reads:

> It is agreed that with respect to any operation described below or designated in the policy as subject to this endorsement, the insurance does not apply to bodily injury or property damage due to the rendering of or failure to render any professional service.

The policy does not define "professional service."

Williams successfully defended the suits and recovered damages and attorney fees from Production and its insurer for bringing the claims. Williams now seeks to recover from INA the attorney's fees and costs he incurred. After a bench trial the district court held that the third-party claims against Williams were either professional malpractice claims, or so conclusionary and unsupported that they did not trigger a duty to defend. *Matter of Stone Petroleum, Inc.*, No. 87–1598 (E.D.La. Sept. 26, 1990). The trial court denied Williams' claim for the costs of defense and he timely appealed.

### Analysis

▆ Contract interpretation and the issue of contract ambiguity are matters subject to *de novo* review in this court. *See Gladney v. Paul Revere Life Ins. Co.*, 895 F.2d 238 (5th Cir.1990). Under controlling Louisiana law, the duty to defend arises if there are any facts, which, if taken as true, support a claim for which coverage is not unambiguously excluded. *Jensen v. Snellings*, 841 F.2d 600 (5th Cir.1988) (citations omitted); *Meloy v. Conoco, Inc.*, 504 So.2d 833 (La.1987); *Leon Lowe & Sons v. Great American Surplus Lines Insurance Co.*, 572 So.2d 206 (La.App.1990); *Williamson v. Historic Hurstville Association*, 556 So.2d 103 (La.App.1990); *Alombro v. Salman*, 536 So.2d 764 (La.App.1988); *Bourque v. Lehmann Lathe, Inc.*, 476 So.2d 1129 (La.App.1985), *cert. denied*, 479 So.2d 362 (La.1985). That there may be recovery under a policy obliges the insurer to defend the insured. The duty to defend is determined by comparing the factual allegations of the complaint and the terms of the policy. The complaint is "liberally interpreted" for purposes of determining whether coverage is unambiguously excluded. *Williamson*, 556 So.2d at 105; *Alombro*, 536 So.2d at 766; *see also* W. McKenzie & H. Johnson, 15 *Louisiana Civil Law Treatise* § 211 (1986).

▆ Williams contends that the charges against him reflected claims beyond the *professional service* exclusion. Williams need only establish coverage for one claim; additional uncovered claims do not vitiate the coverage. *Jensen*, 841 F.2d at 612. Williams has demonstrated that coverage is not unambiguously excluded for at least one of the claims by each of the third-party plaintiffs. Holes and its insurer pleaded that, "[t]he explosion occurred solely, or in part as a result of the fault, negligence or other omissions of ... [Williams] and/or its agents servants and employees." This pleading also seeks punitive damages due to Williams' "reckless and willful disregard of the safety of third party plaintiff's personnel and property and/or gross negligence in failing to insure that the barge was safe for the work undertaken." Similarly, Production and its insurer accused Williams of "failing to

properly ensure that the production facility was safe for the specified work." The pleading also claimed entitlement for damages "[a]s a result of the fault, neglect, or breach of the warranty of workmanlike performance, and/or the breach of contractual, quasi-contractual and/or other legal obligations on the part of [Williams]." In the alternative, Production pleaded that Williams breached a warranty of fitness of the company and its employees in performing their job assignments.

Liberally construed, these pleadings include claims that go beyond the purview of professional services. In *Gregoire v. AFB Construction, Inc.*, 478 So.2d 538 (La.App. 1985), a general liability insurer was liable for costs of defense despite a policy exclusion for "any liability arising out of any professional services performed by ... the Insured[.]" 478 So.2d at 540 n. 1. Gregoire was a tort action for injuries incurred while the plaintiff was working on a project for Star Telephone Co. During this time the insured was providing Star with engineering services. The plaintiff pleaded that the insured was negligent in supervision of the project and had allowed the project to proceed when it knew, or should have known, of the danger. The Louisiana intermediate appellate court held that:

> Interpreted liberally, [the] allegations that [the insured and another defendant] knew of the danger but allowed the project to proceed, could be construed to include the breach of the general duty of reasonable care, (owed by all involved in the project), to report unsafe conditions. Such a duty to warn could be found to be outside of the "professional" or "supervisory" services [the insured] agreed to perform in its contract....

*Id.* at 541 (citations omitted). Similarly, the general liability policy at issue in *CBM Engineers, Inc. v. Transcontinental Insurance Co.*, 460 So.2d 745 (La.App.1984), excluded "bodily injury or property damage arising out of the rendering of or the failure to render any professional services by ... the named insured...." The insured provided consulting structural engineering

services on a construction project at which an injury occurred when an elevator fell. The insured was called to task for failing to inspect the elevator, failing to instruct regarding its safe use and its safety mechanisms, failing to place warning labels on the elevator, and in general for failing to make sure that everything at the site was free from defects. This final allegation, according to the court, "could be construed to include the breach of the general duty of reasonable care, owed by *all* involved in the construction project, to report unsafe conditions[.]" *Id.* at 747 (emphasis in original). The court concluded that the insurer had a duty to defend under its policy.

We conclude that the third-party claims filed by Holes and Production are indistinguishable from the genre of claims in *Gregoire* and *CBM.* Further, the *Gregoire* and *CBM* decisions are consistent with the insurer's broad duty to defend under Louisiana law. For example in *Alombro* an exclusion for injury and damage "either expected or intended" by the insured did not unambiguously exclude coverage for damages from an "unlawful, unprovoked and vicious" attack by the insured. The exclusion notwithstanding, a duty to defend arose from the intentional tort action because the allegations of the petition did not establish that the insured knew or actively desired the plaintiff's injury but, rather, this knowledge or intent could "be interpolated only by referring to pleadings and documents outside the allegations of the petition." 536 So.2d at 767. *See also Leon & Sons* (insured employer entitled to defense on suit for uninsured employee's intentional acts where employer's vicarious liability was pled); *Williamson* (homeowners insurer had a duty to defend an insured against a defamation action).

■ Only the factual allegations of the pleadings are considered for purposes of analyzing the duty to defend. Mere conclusions are irrelevant. INA discounts the negligence and warranty allegations as merely conclusionary statements that cannot give rise to the obligation of defense.

*Jensen*, 841 F.2d at 612. INA's analysis [1] is inconsistent with *Gregoire* and *CBM* and, of equal importance, it fails to assign sufficient weight to the essential difference between the federal notice pleading rule and the Louisiana fact pleading rubric. The strict application urged by INA, taken to its natural conclusion, would jeopardize every insured's right to a defense in federal court litigation merely because the action was initiated by a pure notice and not a fact pleading. This is not the function of the statements of conclusions guideline. This limiting guideline has proved particularly useful in cases in which the insurer denies that any individual involved in the litigation is covered by the insurance policy. *See* McKenzie & Johnson, *supra* at § 211 (discussing *American Home Assurance Company v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969), and *Richards v. Farmers Export Company*, 377 So.2d 859 (La.App. 4th Cir.1979), *writ denied*, 380 So.2d 69 (1980)). This rule has served to allay concern that the broad duty to provide defense would permit a plaintiff "to pick out of the air any insurance company, allege coverage and require the company to defend." *See* McKenzie & Johnson, *supra* at § 211 (quoting *Richards*, 377 So.2d at 863). This rule is a good one but we decline to apply it in such a way as to produce a result in direct conflict with the holdings and rationale of *Gregoire* and *CBM*.

INA had a duty to defend Williams against the third-party claims filed by Production, Holes, and their insurers. INA is liable to Williams for the expenses incurred in defending against those claims, including reasonable attorney's fees. *See Alombro*, 536 So.2d at 767. We therefore REVERSE and REMAND for reconsideration and the entry of judgment consistent herewith.

---

1. INA relies on an unpublished per curiam opinion of this court and the underlying district court decision. *Imperial Casualty Indemnity Company v. Aetna Insurance Company*, No. 85–4681, 1988 WL 104813 (E.D.La.1988), *aff'd*, No. 88–3844 (5th Cir.1989) [890 F.2d 1162 (table)]. The district court applied the fact-versus-conclusion distinction referenced in *Jensen* and concluded that the insurer did not have a duty to defend the insured. The comprehensive general liability policy at issue excluded "bodily injury or property damage arising out of the rendering of or the failure to render any professional services." The insurer refused to defend its insured in a suit for the failure of a pipeline upon which the insured architectural firm rendered services "in connection with the [pipeline's] design, construction and installation." The only pleadings described in the district court decision allege claims for "'contribution, indemnity, negligence, negligent act or omissions, negligence of persons for whom [the in-

sured] were responsible; damage resulting from improper, negligent and/or unauthorized acts or omissions of [the insured's] employees.'" The court dismissed these statements as being mere conclusions "without any factual basis." This court affirmed, indicating that "we find no reversible error[.]" In denying a petition for rehearing, this court stated: *"Our affirmance of the judgment below did not adopt the rationale of the district court.* Our affirmance reflects only that we are satisfied that the district court's judgment reflects a correct and proper result in this case because no duty was owed to the insured to defend in this case." *Imperial Casualty & Indemnity Co. v. Aetna Insurance Co.*, No. 88–3844, slip op. at 1–2 (5th Cir. Jan. 9, 1990) [890 F.2d 1162 (table)] (on rehearing) (emphasis supplied). This opinion is not dispositive of the issue presented in the case at bar.