CHEMSTRESS CONSULTANT CO., INC. et al. Appellees,

v.

CINCINNATI INSURANCE CO., Appellant, et al.

[Cite as *Chemstress Consultant Co., Inc. v. Cincinnati Ins. Co.* (1998), 128 Ohio App.3d 396.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18632.

Decided June 17, 1998.

*James M. Lyons, Jr.*, for appellees.

*Marc A. Sanchez* and *David G. Utley*, for appellant.

DICKINSON, Judge.

Defendant Cincinnati Insurance Company has appealed from an order of the Summit County Common Pleas Court that granted plaintiffs Chemstress Consultant Company, Timothy Tausch, and Steve Clark (collectively "Chemstress") summary judgment on their claim for declaratory judgment. It has argued that the trial court incorrectly found (1) that it has a duty to defend Chemstress against a civil suit pending in Illinois and (2) that it will have a duty to indemnify Chemstress if the Illinois plaintiffs are successful.[1] This court affirms the trial court's judgment regarding the duty to defend, because the Illinois plaintiffs arguably stated a claim that is covered by the commercial umbrella insurance policy. The trial court's judgment regarding the duty to indemnify is reversed, however, because Chemstress failed to demonstrate that there is, in fact, any liability under either insurance policy.

I

Chemstress Consultant Company is in the business of providing engineering services. Timothy Tausch and Steve Clark are employees of Chemstress. The three Chemstress appellees, as well as several others, were named as defendants

---

1. This court has reversed the order of the assigned errors for ease of discussion.

in a personal injury suit filed in Illinois by Michael and Patricia Brown. By their complaint, the Browns alleged that on December 10, 1990, Michael Brown was working as an ironworker at a building that was under construction. The building's owner, Caterpillar Inc., had hired Chemstress, Mr. Brown's employer River City Construction Company, and several others to complete the construction. While Brown was working "from the structural steel welding plates for a cable tray," an eight-foot "body of oily water shot from the quench tank forcing [him] to fall to the floor." He sustained injuries as a result of the fall. The Browns further alleged that Chemstress employee Steve Clark, who was designing a program to run the quench tank, had caused the water to spew from the tank.

The Browns' allegations of liability against Chemstress were that it had caused Mr. Brown's injuries by (1) causing the water to spew from the quench tank, (2) failing to coordinate its work around him, and (3) failing to provide him with a scaffold to work from. One of the other Illinois defendants filed a counterclaim against Chemstress that alleged similar bases of liability.

Cincinnati Insurance, with whom Chemstress held a commercial general liability insurance policy and a commercial umbrella insurance policy, refused to defend or indemnify Chemstress. Chemstress brought this declaratory judgment action against Cincinnati Insurance, seeking a declaration that the insurer had a duty to defend and indemnify it against the Illinois claims.[2]

Both parties moved the trial court for summary judgment. The focus of the parties' dispute was whether the claims pending in Illinois fell within the "professional liability" exclusion of both insurance policies, precluding the duty of Cincinnati Insurance to defend or indemnify Chemstress. It was the position of Cincinnati Insurance that the Illinois plaintiffs had stated claims based solely on the professional liability of Chemstress and that, therefore, it had no duty to defend or indemnify it. Chemstress, on the other hand, asserted that the complaint of the Illinois plaintiffs had stated general negligence claims as well. The trial court agreed with Chemstress that the Illinois suit had arguably stated general negligence claims that qualified for coverage under both policies. The trial court, therefore, held that Cincinnati Insurance had a duty to defend Chemstress and, "if the Illinois plaintiffs are successful, a duty to indemnify." The trial court granted Chemstress summary judgment. Cincinnati Insurance timely appealed to this court.

---

**2.** Although Chemstress named other defendants in this action, it settled its claims against them and they are not parties to this appeal.

II

A

Cincinnati Insurance's first assignment of error is that the trial court incorrectly found that it has a duty to defend Chemstress. The parties do not dispute that Cincinnati Insurance has a duty to defend Chemstress unless the Illinois claims are clearly excluded from coverage. Both policies exclude coverage for, and consequently a duty to defend against, claims "for Professional Liability or Malpractice made against an Insured caused by any negligent act, error, or omission of an Insured or any other person for whose acts an insured is legally liable in the conduct of any business, trade, [or] profession."[3]

The duty to defend "may arise solely from the allegations of the underlying complaint, regardless of the true facts as they are known to the insurer" when, as here, the insurer has agreed to defend against even groundless, false, and fraudulent claims. *Preferred Risk Ins. Co. v. Gill* (1987), 30 Ohio St.3d 108, 114, 30 OBR 424, 429–430, 507 N.E.2d 1118, 1124. If the allegations of the complaint state a claim that is arguably within the coverage of the policy, "or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim." *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, syllabus. When a plaintiff alleges more than one claim based on the same occurrence, one of which is within the coverage of the policy, the insurer is contractually obligated to defend its insured against all claims. *Preferred Mut. Ins. Co. v. Thompson* (1986), 23 Ohio St.3d 78, 80, 23 OBR 208, 209–210, 491 N.E.2d 688, 690. Because the parties do not dispute that there is only one potential obstacle to coverage, Cincinnati Insurance has a duty to defend Chemstress if the Illinois plaintiffs stated a claim that does not fall within the exclusion for professional liability or malpractice.

Because the policy does not define "professional liability or malpractice," this court must construe it according to its ordinary meaning. *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1997), 78 Ohio St.3d 353, 361, 678 N.E.2d 519, 525–526. Dictionary definitions provide minimal guidance. "Professional" is defined in Webster's Third New International Dictionary (1961) 1811 as "of, relating to, or characteristic of a profession or calling." "Malpractice" is defined in Black's Law Dictionary (6 Ed.1990) 959 as

---

**3.** The commercial general liability policy also excludes coverage for bodily injury resulting from the rendering of, or failure to render, "professional services * * * including * * * supervisory, inspection or engineering services." Because the umbrella policy includes no such language, this provision has no effect on the duty of Cincinnati Insurance to defend Chemstress.

"any professional misconduct, unreasonable lack of skill or fidelity in professional or fiduciary duties, evil practice, or illegal or immoral conduct."

This issue has received little attention from Ohio appellate courts. This court does find guidance from courts in other jurisdictions that have interpreted similar exclusions within the context of the insurer's broad duty to defend. Although exclusions from general liability insurance policies for professional services or liability have evaded precise definition, courts have repeatedly found that claims based on workplace safety do not fall within the exclusion. See, *e.g.,* *In re Complaint of Stone Petroleum Corp.* (C.A.5, 1992), 961 F.2d 90, 92; *Camp Dresser & McKee, Inc. v. Home Ins. Co.* (1991), 30 Mass.App.Ct. 318, 568 N.E.2d 631, 634; *Gregoire v. AFB Constr., Inc.* (La.App. 1985), 478 So.2d 538, 541. In addition to its duty to perform professional or supervisory services at a construction site, an engineering firm has a general duty of reasonable care toward the safety of other workers. See *Stone Petroleum, supra.* An engineer may have a general duty to look out for the safety of other workers even when he is also contractually obligated to do so. *Camp Dresser & McKee, supra.* When there is evidence that the engineer's job duties do not include overseeing the safety of others at the job site, however, his duty to look out for their safety may be more clearly a nonprofessional one. See *Gregoire, supra.*

Chemstress presented evidence, through the affidavit of Steve Clark, that it was not responsible for safety at the job site. According to Clark, "the job responsibilities of Chemstress and myself did not include matters involving the safety of employees of other contractors at the Caterpillar site, supervision of other contractors' employees, [or] coordination of the work of other contractors * * *." Cincinnati Insurance did not present any evidence to contradict this statement.

By at least one of their claims, the Browns alleged that Chemstress breached its duty to insure the safety of other workers at the job site, a duty that was, according to Clark's affidavit testimony, outside the professional duties of Chemstress. The Browns alleged that Chemstress "negligently and carelessly failed to coordinate [its] work so that the Plaintiff would not be working above the quench tank as it was being worked on by the Defendant." The counterclaimant made similar allegations against Chemstress. Because the Browns and the counterclaimant alleged at least one claim against Chemstress for general negligence that was arguably within the coverage of the umbrella policy, Cincinnati Insurance had a duty to defend Chemstress against all the Illinois claims. Cincinnati Insurance's first assignment of error is overruled.

## B

Cincinnati Insurance's second assignment of error is that the trial court incorrectly granted Chemstress summary judgment on its claim that Cincinnati

Insurance had a duty to indemnify it. Specifically, it contends that the trial court's order that it must indemnify Chemstress "if the Illinois plaintiffs are successful" is too broad because it potentially includes claims for professional negligence that are excluded from coverage under both policies. Chemstress has conceded that the trial court's order is too broad and has asked this court to modify the order to restrict it to the appropriate claims. There is insufficient evidence in the record, however, to justify such a modification.

■ In reviewing a trial court's ruling on a motion for summary judgment, this court applies the same standard that a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122–1123. Chemstress failed to demonstrate that it was entitled to judgment as a matter of law. In fact, Chemstress presented no evidence to support its claim that Cincinnati Insurance has a duty to indemnify it.

■ An insurer's duty to indemnify is separate and distinct from its duty to defend. *Riverside Ins. Co. v. Wiland* (1984), 16 Ohio App.3d 23, 26, 16 OBR 24, 27, 474 N.E.2d 371, 375. The trial court incorrectly failed to make a distinction here. Although a duty to defend was correctly determined from the allegations in the complaint, determining that there is also a duty to indemnify required additional information. The duty to indemnify is based on whether there is, in fact, liability under the policy. See *id.* The trial court could not make such a determination without some proof of the actual facts underlying the Illinois plaintiffs' complaint. Chemstress failed to present any such evidence.

Because Chemstress failed to present any evidence that there is, in fact, any liability under either insurance policy, it failed to demonstrate any right to indemnity from Cincinnati Insurance. Its position was simply that there might be liability under the policy because the Browns had arguably stated a claim within policy coverage. As Louisiana's Third Circuit Court of Appeals noted, when addressing the same issue:

"Whether plaintiffs are liable to the personal injury and wrongful death claimants on the basis of professional or nonprofessional acts or omissions, or indeed, whether plaintiffs are liable at all, are matters to be resolved in other proceedings. We cannot foresee all theories of liability that might be advanced in the underlying tort suit, and even less can we predict which theories (if any) might carry the day for the personal injury and wrongful death claimants. Furthermore, we will not explore the language of all the insurance policies issued to plaintiffs in an attempt to set forth, in advance, under which outcomes at trial

[the insurer] would be obligated to provide indemnification." *CBM Engineers, Inc. v. Transcontinental Ins. Co.* (1984), 460 So.2d 745, 747.

This court is persuaded by this reasoning, and it likewise will not speculate as to the true facts, nor can it issue an advisory opinion. The trial court had insufficient evidence before it to support summary judgment for Chemstress on its claim that Cincinnati Insurance has a duty to indemnify it. The second assignment of error of Cincinnati Insurance is sustained.

## III

The first assignment of error of Cincinnati Insurance is overruled. Its second assignment of error is sustained. The trial court's judgment is affirmed in part, reversed in part, and the cause is remanded for proceedings consistent with this opinion.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

SLABY, P.J., and BAIRD, J., concur.