**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-31046
99-CV-90-J

SCOTTSDALE INSURANCE COMPANY,

Plaintiff-Appellant,

v.

NATIONAL SHOOTING SPORTS FOUNDATION, INC,

Defendant-Appellee.

On Appeal from the United States District Court
for the Eastern District of Louisiana

July 11, 2000

Before REYNALDO G. GARZA, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM[1]:

The district court granted the National Shooting Sports Foundation (NSSF) summary judgment holding that the Scottsdale Insurance Company (Scottsdale) has a duty to defend NSSF in handgun litigation brought by the City of New Orleans. Scottsdale now appeals. After reading the parties' briefs, hearing oral argument, consulting relevant case law, and thoroughly reviewing the record with particular attention given to the insurance policies and complaints in question, we AFFIRM the decision of the district court.

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mayor Marc H. Morial and the City of New Orleans – and other municipalities around the country – have filed actions against NSSF and others to recoup "significant expenses associated with the manufacturer, marketing, promotion, and sale of firearms which are unreasonably dangerous." The alleged damages include the cost of increased police force, increased emergency medical care, and other costs alleged to arise from bodily injuries and the threat of bodily injuries caused by handguns. The complaint alleges, in relevant part, that NSSF and others were negligent in: (a) failing to develop and implement the means to prevent their guns from being fired by unauthorized users and failing to develop other safety features, (b) discouraging others from developing such safety features, and (c) failing to warn about the risks of guns and the proper storage of guns.

Scottsdale filed this Declaratory Judgment action to determine the issues of insurance coverage under commercial general liability policies (the policies) it issued to NSSF. NSSF filed a cross motion for summary judgment on the issue of a duty to defend. The district court denied Scottsdale's motion for summary judgment, and granted NSSF's cross motion for summary judgment on the issue of Scottsdale's duty to defend. Upon the agreement of the parties, the district court signed a final judgment for purposes of appeal, and an appeal was filed on the same day.

This court reviews a grant of summary judgment *de novo*, applying the same standards as did the district court. *See Alert Centre, Inc. v. Alarm Protection Services., Inc.,* 967 F.2d 161, 163 (5th Cir. 1992). Whether there is a duty to defend is determined by comparing the factual allegations in the complaint to the terms of the policy. *See Complaint of Stone Petroleum Corp.,* 961 F.2d 90, 91 (5th Cir. 1992). The complaint is liberally construed in favor of the insured and

2

any exclusion from coverage must be clear and unmistakable. *See Yarborough v. Federal Land Bank of Jackson*, 731 So.2d 482, 487 (La. Ct. App. 1999). If the complaint alleges a single claim against the insured that is covered by the policy, the insurer must defend the entire lawsuit. *See Alert Centre, Inc.,* 967 F.2d at 163.

Scottsdale argued in the district court, just as it argues on appeal, that the "professional services" exclusion of the policies excludes coverage in this case. Scottsdale also argues that the injuries alleged in the handgun litigation are not covered bodily injuries or injuries to property as defined by the policies, and that even if they are, the underlying complaint alleges that NSSF engaged in intentional wrongs which would not be covered under the "occurrence" limitation in the policies.

The Professional Services exclusion does not unambiguously exclude the failure to warn claim because nothing in the record, the policies or the underlying complaint specifies what professional services NSSF performed, if any, and the complaint does not clearly allege that NSSF's purported bad acts occurred in relation to NSSF's rendering of professional services.[2] Thus, the failure to warn claim arguably involves the alleged violation of a duty to warn that is beyond the scope of any professional service. Where, as here, the term "professional services" is not defined and the policyholder is alleged to have "failed to warn" about the dangers inherent in a particular activity, those claims possibly allege a breach of a general duty of due care and are

---

[2] The "Designated Professional Services" exclusion at issue here excludes coverage for bodily injury, property damage, personal injury, or advertising injury "due to the rendering or failure to render any professional service." However, the policies in question do not define "professional service." Scottsdale cites cases which define "professional services" as those "performed in the ordinary course of one's profession." Even so, this term remains ambiguous as applied to NSSF because we do not know what kind of professional services it provided. Since the exclusion is ambiguous as applied to NSSF, it is construed against the insurer.

3

arguably not barred by the professional services exclusion.  *See Gregorie v. AFB Construction, Inc.*, 478 So.2d 538 (La. Ct. App. 1985); *Complaint of Stone Petroleum Corp.*, 961 F.2d 90, 92 (5th Cir. 1992) (accord).

Next, Scottsdale argues that the New Orleans complaint does not allege damages "because of" an injury to body or property, or an "occurrence" as defined in the policies.[3]  The complaint alleges that because of the bodily injuries to its citizens, the City of New Orleans had to incur additional costs.  This allegation is arguably covered by the policies.  We reject Scottsdale's contention that the "because of bodily injury" provision requires that the plaintiff seeking damages be the one who suffered the bodily injury.  At best the provision is ambiguous and should be construed against Scottsdale.  Scottsdale could have explicitly limited coverage to "claims for damages incurred because of bodily injury to the plaintiff seeking damages," but it did not.  Finally, the complaint alleges a negligent failure to warn, and such negligence can be a covered occurrence.  *See Alert Centre*, 967 F.2d at 164.

The district court correctly held that Scottsdale owes NSSF a duty to defend.  At least one of the claims against NSSF - that it failed to warn about the risk of guns - is arguably not excluded by the policies.  This is enough under Louisiana law to require that Scottsdale provide a defense in the handgun litigation.

AFFIRMED.

---

[3] The policies define "bodily injury" as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time."  The policies state that "Damages because of bodily injury include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the bodily injury." The policies defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same harmful conditions."