OPINION
Erie Insurance Exchange ("Erie"), appellant, appeals a judgment of the Franklin County Court of Common Pleas rendered in favor of The Ravines at Parkwick Drive Condominium Association ("Association"), appellee.
The Association is a not-for-profit corporation created to manage The Ravines at Parkwick Drive Condominium complex. On May 30, 1997, the Association brought an action against Colony Development Corporation ("Colony"), alleging that Colony (by itself, and through its agents, partners, subcontractors, servants, and employees) designed and constructed the condominium complex and sold individual units therein (case No. 97 CVC-05-5759). The complaint alleged claims based upon negligence, breach of express warranty, breach of contract, strict liability, fraudulent concealment, violations of R.C. 5311.26, violations of Ohio's Consumer Sales Practices Act, and R.C. 1345.01 et seq. Colony was insured under a comprehensive general commercial liability insurance policy issued by Erie. Colony notified Erie of the Association's action and requested a defense and indemnification.
On September 27, 1997, Erie brought an action against Colony and the Association seeking a declaration that it had no duty to defend or indemnify Colony in the negligence action (case No. 97 CVH-098-8739). Erie's declaratory judgment action was subsequently consolidated with the Association's underlying action. On March 23, 1998, Erie filed a motion for summary judgment. By judgment entry filed February 23, 1999, the trial court granted Erie's summary judgment motion, ruling that Erie had no duty to defend or indemnify under the language of the policy. The trial court ruled that the Association's allegations of property damage arising out of Colony's design, construction, and sale of the condominium complex did not constitute property damage arising from an "occurrence" as required for coverage under the policy. The trial court also ruled that the Association's claims were excluded from coverage under the policy's "work performed exclusion, professional services exclusion," and "sistership exclusion." The Association and Colony appealed.
In Erie Ins. Exchange v. Colony Dev. Corp. (1999), 136 Ohio App.3d 406
("Erie I"), we found that the Association's complaint alleged some claims that were potentially or arguably covered by the policy at issue. Therefore, we found Erie had an obligation to defend Colony in the underlying action. We remanded the matter to the trial court for further proceedings consistent with our decision. On February 15, 2000, we denied Erie's motion for reconsideration in Erie Ins. Exchange v. Colony Dev. Corp. (2000), 136 Ohio App.3d 419 ("Erie II").
While this court was considering Erie I, the Association and Colony entered into a settlement agreement. Pursuant to the agreement, Colony agreed to execute a judgment in case No. 97 CVC-05-5759 in the amount of $775,933 in favor of the Association. Colony agreed to pay $125,000 of that judgment. In exchange, the Association agreed not to enforce the balance of the judgment against Colony. Pursuant to the agreement, the Association and Colony executed a consent judgment, which the trial court signed on November 29, 1999. The consent judgment contained no findings regarding the merits of the Association's claims or whether such claims were covered under the Erie policy.
Upon remand, the Association argued that in Erie I, this court determined that Erie had both a duty to defend and a duty to indemnify. The trial court ordered the parties to file briefs setting forth their respective interpretations of Erie I. On September 14, 2000, the trial court issued a decision agreeing with the Association's contention that in Erie I, we found that Erie had both a duty to defend and a duty to indemnify. Thus, the trial court found that we had determined there was insurance coverage in the present case and the Association was entitled to have the insurance proceeds applied to satisfy their judgment pursuant to R.C. 3929.06. The trial court also added that Erie had "full opportunity" to present its issues.
On September 22, 2000, Erie moved the trial court to clarify its September 14, 2000 decision. Erie contended the September 14, 2000 ruling had the effect of requiring Erie to pay more than the $125,000 Colony paid under the settlement agreement, in contravention of our decision in Columbus v. Alden E. Stilson Assoc. (1993), 90 Ohio App.3d 608. The trial court did not rule on Erie's motion to clarify but, instead, filed a judgment on October 24, 2000, journalizing its September 14, 2000 decision. Erie appeals the judgment, asserting the following assignments of error:
 ASSIGNMENT OF ERROR NO. 1: The trial court erred in granting judgment in favor of Appellee, The Ravines, and against Appellant, Erie Insurance Exchange, where the court's judgment was based on a misinterpretation and misapplication of this court's limited holding regarding Erie's duty to defend.
 ASSIGNMENT OF ERROR NO. 2: The trial court erred in requiring that Erie indemnify its insured for an amount of money that exceeded the amount for which the insured was legally responsible.
Erie argues in its first assignment of error that the trial court erred in finding that this court determined in Erie I that Erie had a duty to indemnify Colony. It is clear that an insurer's duty to defend under an insurance policy is separate and distinct from the insurer's duty to indemnify. See W. Lyman Case Co. v. Natl. City Corp. (1996),76 Ohio St.3d 345. Insurers generally have a much broader duty to defend, and a duty to defend may exist even though the insurer ultimately has no obligation to provide coverage. See Motorists Mutual Ins. Co. v. Trainor (1973), 33 Ohio St.2d 41. Further, as we stated in Erie I, once a duty to defend is recognized, speculation about the insurer's ultimate obligation to indemnify is premature until the facts excluding coverage are revealed during the defense of the litigation. See Erie I, supra, at 413, citing Trainor, supra, and Turner Liquidating Co. v. St. Paul Surplus Lines Ins. Co. (1994), 93 Ohio App.3d 292.
In the present case, a review of our decision in Erie I indicates that we did not find that Erie had a duty to indemnify Colony. Although we were required to discuss issues regarding coverage under the insurance policy in determining whether there was a legal duty to defend, our decision did not specifically address whether there was, in fact, coverage. That our holding was limited to the issue of Erie's duty to defend is apparent throughout the decision. We initially narrowed our inquiry to the following:
 Thus, the relevant inquiry here is limited to whether the Association's allegations in its complaint against Colony state a claim that is potentially or arguably within the policy coverage, thereby requiring Erie to defend Colony in the underlying action. Erie I, supra, at 413. (Emphasis added.)
We specifically indicated that our decision would address only whether the Association's claims were "arguably" or "potentially" covered by Erie, as required by Willoughby Hills v. Cincinnati Ins. Co. (1984),9 Ohio St.3d 177, syllabus; Sanderson v. Ohio Edison Co. (1994),69 Ohio St.3d 582, paragraph one of the syllabus; and Preferred Mut. Ins. Co. v. Thompson (1986), 23 Ohio St.3d 78, 80. We did not determine the actual merits of those claims. We also indicated that our determination was limited to the "allegations" of the complaint.
Throughout the remainder of the decision, we continued to be careful to couch our conclusions only in terms of the Association's "allegations" and whether "potential," "reasonable," or "arguable" coverage existed:
 As such, the Association's allegations reasonably fall within the policy's general liability coverage for property damage caused by an occurrence. Erie I, supra, at 414. (Emphasis added.)
* * *
 In sum, by alleging collateral damage and by alleging that contractors performed work on Colony's behalf, the Association's complaint states claims that are partially or arguably not excluded by the "work performed exclusion." Therefore, the "work performed exclusion" does not excuse Erie from defending Colony in the underlying action. Id. at 416-417. (Emphasis added.)
The conclusory paragraph at the end of the Erie I decision further indicates that we were not making a final determination on the merits of coverage and indemnification:
 For the foregoing reasons, we find that the Association's complaint alleges claims that are partially or arguably covered by the policy at issue here. Therefore, Erie had an obligation to defend Colony in the underlying action. Id. at 418. (Emphasis added.)
Likewise, in Erie II, we reiterated the limitation of our previous determination in Erie I:
 In our original opinion, we held that Erie had a duty to defend its insured, Colony Development Corporation ("Colony"), in the underlying litigation brought against Colony by The Ravines at Parkwick Drive Condominium Association (the "Association"), because certain claims alleged in the underlying complaint were arguably or potentially covered by the policy of insurance at issue. Erie II, at 420. (Emphasis added.)
Also, as in Erie I, our findings in Erie II were specifically limited to "arguable" or "potential" coverage and did not purport to make any determination that coverage could actually be proven at trial. ("Thus, even following the cases cited by Erie, coverage arguably or potentially applies to some of the Association's claims against Colony, and, therefore, Erie would still have an obligation to defend Colony in the underlying litigation.") Erie II, at 422. (Emphasis added.)
We also note that in both Erie I and Erie II, we expressed several times the belief that some or most of the Association's claims may be excluded under specific policy exclusions. ("While we agree that most of the Association's claims would be excluded under one or more of these exclusions, not all of the Association's claims are excluded thereby.") See, e.g., Erie I, at 415. ("Thus, even following the cases cited by Erie, coverage arguably or potentially applies to some of the Association's claims against Colony * * *.") Erie II, at 422. Given that we expressed our doubt that coverage would be available for some or most of the Association's claims, it is unmistakable that our decision did not conclusively find Erie had a duty to indemnify. The clear intent was to have these issues regarding coverage and the exclusions litigated fully upon remand.
Further, the contrasting evidentiary requirements necessary to prove the duty to defend and the duty to indemnify made it apparent that our decision did not address the duty to indemnify. The duty to defend depends upon the allegations of the underlying complaint. Sanderson, supra, paragraph one of the syllabus. However, determining that there is also a duty to indemnify requires additional information. Chemstress Consultant Co., Inc. v. Cincinnati Ins. Co. (1998), 128 Ohio App.3d 396,402. The duty to indemnify is "based on whether there is, in fact, liability under the policy." Id. at 402, citing Riverside Ins. Co. v. Wiland (1984), 16 Ohio App.3d 23, 26. Because the parties never actually litigated or presented evidence on the issue of actual coverage, this court's determination in Erie I was based solely upon the allegations in the complaint. That our decision referred only to the allegations of the Association clearly indicates that we addressed the duty to defend and not the duty to indemnify.
However, the Association contends that Erie should be estopped from "relitigating" the issue of coverage for several reasons. Although its arguments regarding estoppel are difficult to separate, the Association first seems to argue that Erie should be estopped from relitigating coverage by virtue of the law-of-the-case doctrine, which requires the decision of a reviewing court in a case remain the law of the case on the legal questions involved for all subsequent proceedings at both the trial and reviewing court levels. See State ex rel. Dannaher v. Crawford (1997), 78 Ohio St.3d 391, 394. Regarding the issue of coverage, the Association claims that our determination in Erie I is the law of the case and that the issue cannot be argued again. However, as we previously found in Erie I, we did not find that actual coverage did, in fact, exist, and our findings in Erie I do not form the basis of an estoppel claim to preclude Erie from presenting evidence on the issue of coverage.
The Association also seems to argue that Erie should be estopped from relitigating the issue of coverage because Erie originally filed a declaratory judgment action in which the issue of indemnification was fully litigated. However, the original declaratory action was disposed of via summary judgment in Erie's favor, which we then reversed in Erie I. When a summary judgment action is reversed and remanded by an appellate court, a lower court proceeds from the point at which the error occurred. State ex rel. Stevenson v. Murray (1982), 69 Ohio St.2d 112. Clearly, upon remand of a summary judgment action, parties are permitted to relitigate those matters that were reversed by the appellate court and may present new arguments and evidence. See Tye v. Bd. of Edn. of Polaris Joint Vocational School Dist. (1988), 44 Ohio App.3d 76, 78-79. Further, as Erie points out, although the Association now contends the issue of coverage was fully litigated during the summary judgment phase, it previously claimed in its memorandum contra Erie's motion for summary judgment:
 Erie's Motion [for Summary Judgment], then, is premature. Until the facts of this case are determined, there is no way for the Court to determine which portion of the damages, if any, are due to Colony's negligence or the rendering of professional services. Since negligence is pled, and since negligence is arguably covered by Erie's Policy, Erie's motion for summary judgment must fail.
The Association also explicitly stated at the conclusion of their memorandum contra Erie's motion for summary judgment: "There are genuine issues of fact in this case * * * regarding the construction and interpretation of the ambiguous language related to coverage and the exclusions of the Policy." Thus, at the summary judgment stage of the hearings, the Association also believed there remained undetermined issues regarding whether coverage existed. It is inconsistent for the Association to now contend that the issues of coverage were fully litigated previously during the summary judgment phase below.
The Association also argues that Erie should be estopped from relitigating the issue of coverage because after our remand in Erie I, the parties briefed the issue of coverage and Erie had a full opportunity to raise any coverage issues at that time. Erie counters that upon remand of Erie I, the trial court ordered the parties to brief only the issue of whether this court determined in Erie I that Erie had both a duty to defend and a duty to indemnify and did not order the parties to brief the issue of whether coverage actually existed. Although the record is not fully clear, we agree with Erie's contention. The July 21, 2000 status conference order from the trial court states vaguely that the parties are in disagreement regarding "the coverage issue" and orders the parties to file briefs on the issue. In the Association's brief, the Association narrowed the purpose of the briefs to the following: "the scope of the issue [is] whether the Court of Appeals' decision decided coverage in the case sub judice * * *." The Association then explained why it believed Erie I already decided the issue of coverage. Likewise, Erie entitled its brief "Plaintiff Erie Insurance Exchange's Brief Regarding Scope of Court of Appeals' Determination" and indicates in its opening sentence: "This court has ordered the parties to brief the issue of whether the court of appeals, in its December 23, 1999 opinion, determined that Erie had not only a duty to defend but also a duty to indemnify Colony Development against The Ravines' claims." Further, in the September 14, 2000 decision, it is clear that the trial court did not decide the issue of coverage based on any evidence presented by the parties in their briefs; rather, it specifically indicated that it thought this court previously determined coverage in Erie I. Therefore, we find that Erie was not given an opportunity to address the issue of coverage after our remand of Erie I and, therefore, should not be estopped from litigating the issue.
In sum, this court decided in Erie I that Erie was required to defend Colony but did not determine the issue of Erie's duty to indemnify. The issue of indemnity and coverage has never been litigated in this case, either during the summary judgment phase or upon remand after Erie I. Our intent in Erie I was for the issue of coverage to be litigated on remand. It was not. Therefore, Erie must be given an opportunity to present its argument and evidence on this issue. For the foregoing reasons, Erie's first assignment of error is sustained.
Erie argues in its second assignment of error that the trial court erred in requiring it to indemnify Colony for an amount of money that exceeded the amount for which Colony was legally responsible under the consent judgment, in contravention of Stilson, supra. We note that Erie presented this same argument to the trial court in its September 22, 2000 motion to clarify, which the court never ruled upon. The consent judgment provided that Colony and the Association would execute a judgment in favor of the Association for $775,933. Colony agreed to pay only $125,000 of that judgment in exchange for the Association's agreement not to enforce the balance of the judgment against Colony. Erie asserts that we should instruct the trial court that any coverage obligation that may be imposed upon Erie on remand may not exceed $125,000. However, if Erie demonstrates upon remand that no coverage exists, Erie will not be obligated to pay any monies. Thus, the issue raised in this assignment of error may be rendered entirely moot upon remand, and we need not address it. See App.R. 12(A)(1)(c); Smith v. Smith (Feb. 7, 2001), Lorain App. No. 00CA007619, unreported (App.R.12 permits an appellate court to decline to address an issue that may be rendered moot upon remand). On the other hand, if the trial court does determine upon remand that coverage exists, the trial court is free to revisit the issue raised in this assignment of error and previously raised in Erie's motion to clarify. Therefore, Erie's second assignment of error is moot.
Accordingly, we sustain Erie's first assignment of error and find its second assignment of error moot. The judgment of the Franklin County Court of Common Pleas is reversed, and this case is remanded to that court for proceedings consistent with this opinion.
 __________________ BROWN, J.
TYACK, J., and BRYANT, P.J., concur.