[This opinion has been published in *Ohio Official Reports* at 76 Ohio St.3d 345.]

W. LYMAN CASE & COMPANY, APPELLANT, *v*. NATIONAL CITY CORPORATION, APPELLEE.

[Cite as *W. Lyman Case & Co. v. Natl. City Corp*., 1996-Ohio-392.]

*Contracts—Stock purchase agreement—Duty of seller to defend in civil suit alleging mismanagement of corporation prior to its sale exists, when.*

(No. 95-0247—Submitted February 21, 1996—Decided August 14, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 94APE01-79.

_____

{¶ 1} Appellant, W. Lyman Case & Company ("Case"), is an Ohio corporation providing, *inter alia*, real estate advisory services. Appellee, National City Corporation ("National City"), owned all of the stock in Case until November 15, 1991, when National City sold all of the issued and outstanding shares of Case to W.L. Case Holding Company. The terms of this sale were set forth in a stock purchase agreement.

{¶ 2} In Section 8.01 of the stock purchase agreement, National City assumed the following duties:

"* * * [T]o defend, indemnify and hold Buyer, and the Company [Case] after the Closing, and their respective affiliates, officers, directors, shareholders, agents and employees, harmless from and against any and all loss or liability accrued, absolute, contingent or otherwise, in respect of any and all losses, suits, proceedings, demands, judgments, damages, expenses and costs (including reasonable attorney's fees and litigation expenses) (collectively 'Damages') which any of them may suffer or incur by reason of (a) the breach of any of the representations and warranties of Seller contained in this Agreement or the Related Documents, excepting Excluded Claims as defined in Section 8.03 hereof; (b) the breach by Seller of any of the covenants (other than those waived in writing by

Buyer) or agreements made by it in this Agreement or the Related Documents; and (c) the conduct of the Business by Seller or any other activity of Seller occurring on or prior to the Closing Date, excepting Excluded Claims."

{¶ 3} National City argues that the claims at issue in this case are "Excluded Claims" pursuant to Section 8.03(c) of the agreement. Section 8.03 limits National City's duty to *indemnify* and reads, in pertinent part:

"Notwithstanding anything to the contrary contained in this Agreement, no indemnification under the provisions of this Article VIII shall be made with respect to any Damages suffered or incurred with respect to any of the following (the 'Excluded Claims'):

"* * *

"(c) any claim related to the conduct of the Business * * * occurring prior to the Closing Date which alleged breach arises out of any wrongful action, wrongful inaction or failure of performance by any of the Insiders or any failure of any of the Insiders to follow any written policies or instructions of [National City] or [Case]."

{¶ 4} On May 25, 1993, Dr. George C. Roush and Dr. Thomas W. Roush, on behalf of themselves and the beneficiaries of certain Roush Trusts, instituted a lawsuit in federal district court against Case, as well as a number of other defendants, including National City Bank, Northeast, and the law firm Buckingham, Doolittle & Burroughs Co., L.P.A. The Roush complaint, which sought to recover damages allegedly resulting from the mismanagement of the funds of the Roush Trusts, included numerous allegations against Case.

{¶ 5} On May 27, 1993, Case notified, in writing, National City of the Roush complaint. Case requested that National City provide counsel, as well as indemnify and hold Case harmless with respect to the claims in the Roush complaint. On June 8, 1993, National City informed Case that it refused to indemnify or hold Case harmless in the Roush action.

**{¶ 6}** On July 2, 1993, Case filed this declaratory judgment action in the Franklin Court of Common Pleas. Case seeks a declaration that National City has a duty to defend Case in the Roush litigation. On September 28, 1993, the trial court held a hearing on cross-motions for summary judgment, and granted Case's motion for summary judgment on its claim for declaratory relief. The trial court issued findings of fact and conclusions of law supporting its ruling. Among these were findings that the allegations in the Roush complaint were "potentially or arguably" within National City's duty to defend, and that National City presented no evidence of actual facts which controverted those allegations.

**{¶ 7}** National City appealed to the Franklin County Court of Appeals, which reversed the judgment of the trial court on December 20, 1994. The court of appeals held that because Section 8.03 of the stock purchase agreement excluded indemnification coverage for the allegations in the Roush complaint, any duty of National City to defend Case in the Roush litigation became "insignificant."

**{¶ 8}** The cause is now before this court upon the allowance of a discretionary appeal.

———————————

*Crabbe, Brown, Jones, Potts & Schmidt, Charles E. Brown, Steven B. Ayers* and *John P. Kennedy*, for appellant.

*Baker & Hostetler, Paul P. Eyre, Ronald S. Okada* and *Thomas L. Long*, for appellee.

———————————

**PFEIFER, J.**

**{¶ 9}** Because the specific terms of the stock purchase agreement impose upon National City a duty to defend Case in the Roush litigation, we reverse the judgment of the court of appeals.

**{¶ 10}** The duty to defend is separate and distinct from the duty to indemnify. In Section 8.01 of the stock purchase agreement, National city agrees

"* * * to defend, indemnify and hold [Case]* * * harmless * * * against any and all * * * suits * * * ."  In contrast, Section 8.03 provides only that "no indemnification" shall be made with respect to "Excluded Claims."  Therefore, since the present declaratory action seeks to enforce the duty to defend contained in Section 8.01 of the agreement, the exclusions in Section 8.03(c) are inapplicable since they only apply to the duty to indemnify.

{¶ 11} The court of appeals erred when it concluded that any duty to defend under Section 8.01 of the stock purchase agreement became "insignificant" since indemnification was specifically excluded by Section 8.03(c) for the damages alleged in the Roush complaint.  This holding was contrary to the contracted responsibilities explicitly included in the stock purchase agreement. Parties may contract for a duty to defend broader than the duty to indemnify, and the parties to this stock purchase agreement did so.  The contractual right to have another party provide a defense in a civil action is by no means "insignificant"—it is a valuable right, and therefore may very well be sought in contract negotiations, even if it does not come with the further right to obtain indemnification.

{¶ 12} Since National City's duty to defend applies to "any and all" claims, this court's decision in *Willoughby Hills v. Cincinnati Ins. Co.* (1984), 9 Ohio St.3d 177, 9 OBR 463, 459 N.E.2d 555, controls.  In *Willoughby Hills*, this court held in the syllabus:

"Where the insurer's duty to defend is not apparent from the pleadings in the action against the insured, but the allegations do state a claim which is potentially or arguably within the policy coverage, or there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded, the insurer must accept the defense of the claim."

{¶ 13} The trial court found that the allegations against Case in the Roush complaint were "potentially or arguably" within National City's duty to defend, and that National City presented no evidence of actual facts which controverted

4

those allegations.  Because the allegations were sufficient to establish coverage for the duty to defend under Section 8.01, and because the 8.03(c) exceptions are inapplicable to that duty under the specific terms of the stock purchase agreement, we find that National City has a duty to defend Case in the Roush litigation.  We accordingly reverse the judgment of the appellate court and reinstate the trial court's judgment in all respects.

*Judgment reversed.*

MOYER, C.J., DOUGLAS, T. BRYANT, RESNICK and F.E. SWEENEY, JJ., concur.

COOK, J., dissents.

THOMAS F. BRYANT, J., of the Third Appellate District, sitting for WRIGHT, J.

_____

**COOK, J., dissenting.**

{¶ 14} I respectfully dissent  because I disagree with the majority's interpretation of this contract.

{¶ 15} Section 8.01 of the stock purchase agreement in question is entitled "Indemnification by Seller."  Subsection 8.01(c) requires National City to defend, indemnify and hold Case and its personnel harmless for any damage suffered or incurred by reason of the conduct of the business by National City or any other activity of National City occurring on or prior to the closing date, *excepting* Excluded Claims.  "Excluded Claims" are defined in section 8.03 of the stock purchase agreement.  Subsection 8.03(c) specifically excludes any claim related to the conduct of business by National City occurring prior to the closing date that arises as a result of the wrongdoing of insiders.   "Insiders" is defined in Article III of the stock purchase agreement to specifically include H.E. Schmidt III, who is the alleged wrongdoer in virtually every allegation concerning Case in the Roush complaint.

**{¶ 16}** Because the claims asserted against Case in the Roush litigation squarely fall into the subsection 8.03(c) exception, National City has no duty to defend Case. The majority's conclusion to the contrary is based on an isolated reading of section 8.03 of the stock purchase agreement rather than an interpretation of that agreement as a whole.

**{¶ 17}** In reaching its conclusion, the majority emphasizes that the language of section 8.03 does not include "duty to defend." To have included that language in section 8.03, however, would have been redundant. Section 8.01 itself excepts National City's duty to *defend, indemnify and hold Case harmless* in situations that are the subject of an Excluded Claim as defined in section 8.03. Section 8.03, in turn, merely reiterates its purpose as expressed in section 8.01, stating that "no indemnification *under the provisions of this Article VIII* shall be made with respect to any Damages suffered or incurred with respect to any of the following ***." (Emphasis added.) The exception is created in subsection 8.01(c). Section 8.03 defines the *activities* included in that exception.

**{¶ 18}** There is no reason for the contract to restate in section 8.03 the duties owed by National City to Case under section 8.01, as section 8.01 creates a general duty to defend, indemnify and hold the buyer harmless from the types of damages set forth in that section. Nor is the scope of the exception created in section 8.01(c) limited by the absence of the term "defend" in section 8.03. Instead, the phrase "indemnification under the provisions of this Article VIII" merely references section 8.01, which includes within the ambit of "Indemnification by Seller" the duties to indemnify, defend and hold Case harmless for certain activity. Subsection 8.01(c) expressly excepts National City's duties to indemnify, defend and hold Case harmless with respect to the types of activity defined as Excluded Claims in section 8.03.

**{¶ 19}** The situation is analogous to an insurer's duty to defend its insured under an insurance contract. Allegations in a complaint stating a claim which is

potentially or arguably within the policy coverage invokes the duty to defend *unless* defense of that claim is specifically excluded. *Zanco, Inc. v. Michigan Mut. Ins. Co.* (1984), 11 Ohio St.3d 114, 11 OBR 413, 464 N.E.2d 513. National City's duty to defend the claims appearing from allegations in the Roush complaint is specifically excluded through the operation of subsection 8.01(c) and subsection 8.03(c) of the stock purchase agreement. As such, the appellate court correctly concluded that National City owes Case no duty to defend against the allegations contained in the Roush complaint.

{¶ 20} Therefore, I would affirm the appellate court's judgment.

———————————