OPINION.
Plaintiff/appellant/cross-appellee Air Products 
Chemicals, Inc., filed this lawsuit seeking a declaration that defendant/appellee/cross-appellant Indiana Insurance Company's policies of insurance afforded liability coverage for bodily injuries sustained by a subcontractor injured in an explosion at Air Products's facility at the Rumpke Landfill. Air Products claimed that Indiana had a duty to defend and to indemnify it in two tort actions brought by the injured subcontractor.[1] We affirm the judgments from which these appeals derive, because the trial court properly found no genuine issues of material fact on the issue of Indiana's duty to defend, properly found that genuine issues of material fact remained for trial on the matter of Indiana's duty to indemnify, and, in a judgment supported by competent and credible evidence, properly resolved those factual disputes in favor of Indiana.
Air Products operated a gas collection facility at the Rumpke Landfill in Hamilton County, Ohio. Air Products extracted gases generated in the decomposition of the buried organic matter. Air Products processed the gases and delivered pipeline-quality gas to the Cincinnati Gas Electric Company. As part of an expansion at the Rumpke site in September 1995, Air Products engaged defendant McGill Smith Punshon, Inc. ("MSP"), an architectural and engineering firm, to design the foundation for a new maintenance and storage building.
In anticipation of the construction, Air Products asked to be added to MSP's insurance as an additional insured. With no additional premium charged to either firm, Air Products was added as an "additional insured" under liability insurance policies written by Indiana for MSP, "but only with respect to liability arising out of" MSP's work for Air Products. The policies included a clause that excluded coverage for bodily injury "arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants[.]" The policies defined "pollutants" as:
 * * * any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.
The policies also excluded liability coverage for any bodily injury arising out of the rendering or failure to render any professional services by MSP, the named insured. By the policy terms, professional services included the preparing of designs, drawings and specifications.
MSP was insured against claims of professional negligence under a separate professional liability policy issued by Security Insurance Company of Hartford. Air Products was not added as an additional insured to this policy.
Construction began in November 1995. After foundation work was completed, Superior Building Systems was hired to complete the pre-fabricated maintenance and storage building. Unlike other structures at the site, the MSP-designed building did not include a system for venting gases that might seep through the foundation.
On the evening of January 23, 1996, Shane Killingsworth, a Superior subcontractor, was working in the building. Methane gas had migrated through the ground, following the path of an old pipe ditch, and had seeped into the building through cracks and seams in the foundation. When Killingsworth lit a cigarette, he ignited an accumulation of methane gas within the building. Killingsworth was severely injured in the resulting explosion.
Killingsworth made claims for damages against Air Products and others in two lawsuits, one in Harris County, Texas, and one in Hamilton County, Ohio. Indiana declined to indemnify Air Products in these lawsuits. Air Products then brought this action seeking a declaration of its rights as an additional insured under the Indiana policies.
The Trial Court's Entries
After initial discovery, both Air Products and Indiana moved for summary judgment. In April 1997, Air Products moved for summary judgment as to all claims, except its bad-faith claim, asserting that, as no genuine issues of material fact remained, it was entitled to a declaratory judgment in its favor. Indiana moved for summary judgment in its favor on all of Air Products's claims.
On February 12, 1998, the trial court journalized an entry denying Indiana's motion for summary judgment, holding that, on the state of the record then available, Indiana had a duty to defend Air Products. The court also denied Air Products's motion for partial summary judgment on the issue of indemnity. The trial court stated that:
Based upon the materials submitted by the parties in support of and in opposition to the motions for summary judgment, it appears there are genuine issues of material fact concerning whether Indiana Insurance has a duty to indemnify Air Products and Chemicals, Inc. for any liability arising out of the two referenced lawsuits.
(Emphasis added.) The trial court also bifurcated the case and ordered a bench trial to commence in the late spring of 1998.
At trial, the court heard the testimony of six witnesses and admitted twenty-three exhibits into evidence, including eighteen stipulated exhibits. Following the trial, on November 17, 1998, the court entered judgment for Indiana and made findings of fact and conclusions of law, holding, inter alia, that the pollution and professional-services exclusions precluded indemnification. In the absence of any duty to indemnify Air Products, the court held that "from [that] point forward," Indiana had no duty to defend Air Products.
On December 2, 1998, Air Products filed a notice of appeal, number C-980947, in the trial court, predicated upon alleged errors in the trial court's February summary-judgment ruling and in the November judgment.
For reasons unexplained in the record, five days later, the trial court journalized another entry on the summary judgment motions disposed of in February 1998. Prepared on Indiana's counsel's letterhead, this "second entry" mirrored the February entry, with the exception of changes to the words italicized in the block quotation above. The relevant passage now stated that genuine issues remained on the "duty to defend." Indiana's cross-appeal, number C-990009, filed initially on December 10, 1998, appeals from both the trial court's November judgment entry and from the "second entry" of December 7, 1998.
The Arguments on Appeal
In its appeal, Air Products raises two assignments of error. First, it contends that the trial court erred by denying, in February 1998, its motion for partial summary judgment on the pollution-exclusion issue. Next, Air Products challenges the trial court's November 1998 entry of judgment for Indiana on the issue of indemnity following a trial to the court.
In its cross-appeal, Indiana raises five assignments of error. In the first, and only cognizable assignment, Indiana contends that the trial court erred in granting summary judgment in favor of Air Products on the duty-to-defend issue. In its second through fifth assignments of error, Indiana argues that the trial courtcorrectly made the decisions and determined the issues mentioned in each assignment. These assignments of error are overruled because they fail "to identify in the record the error on which the assignment[s]" are based. App.R. 12(A)(2) (emphasis added).
Air Products's Summary-Judgment Assignment of Error
In its first assignment of error, Air Products contends that the trial court erred by denying its motion for partial summary judgment on the pollution-exclusion issue. Air Products moved for summary judgment claiming, inter alia, that the methane accumulating in the building was not a pollutant, as that term was defined in the contract of insurance, and thus the pollution exclusion was not applicable to deny coverage. In support of its contention that no genuine issue of material fact remained to be resolved as to whether methane was a pollutant, Air Products supplied the affidavit of Carleton O. Miller, an engineer with experience in landfill gas recovery, who expressed the opinion that, in operations like those at the Rumpke site, methane was not a pollutant. Air Products contends that, as Indiana did not discharge its reciprocal burden to demonstrate the existence of factual issues, the trial court erred in failing to grant Air Products's motion for summary judgment on this issue. See Civ.R. 56(C); see, also, Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 274.
To resolve this assignment of error, however, we need not reach the merits of Air Products's argument. Pursuant to the Ohio Supreme Court's decision in Continental Ins. Co. v. Whittington
(1994), 71 Ohio St.3d 150, 642 N.E.2d 615, syllabus, any error by a trial court in denying a motion for summary judgment is rendered moot or harmless, when a subsequent trial on the same issue reveals that there were genuine issues of material fact supporting a judgment in favor of the party opposing the motion.
In applying the Continental doctrine, this court has noted that the requirement that a subsequent trial reveal genuine issues ofmaterial fact leaves a narrow opening for appellate review on the merits, if the adverse summary-judgment ruling was based on a pure question of law. See Universal Window Doors, Inc. v. EagleWindow Door, Inc. (1996), 116 Ohio App.3d 692, 689 N.E.2d 56, fn. 3; see, also, Williams v. ITT Financial Servs. (June 25, 1997), Hamilton App. Nos. C-960234 and C-960255, unreported, fn. 5; Simmons v. Door-To-Door Transp. Servs., Inc. (May 17, 1995), Hamilton App. No. C-940469, unreported. Ordinarily, the interpretation of a contract term such as an exclusion clause is just such a question of law reserved for the court. See Alexanderv. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146. But when contractual provisions are ambiguous, the resolution of the ambiguities is a matter for the trier of fact and is not the proper subject of a motion for summary judgment. This court has previously held that the determination of whether heating oil negligently discharged into a customer's basement constituted a pollutant under language identical to the policy at issue here involved a factual question to be resolved by the trier of fact. See Weil v. Este Oils Co. (1994), 93 Ohio App.3d 759,763, 639 N.E.2d 1215, 1218.
Here, the court conducted a trial, at which Air Products maintained that ambiguities existed as to whether the methane accumulating in the foundation was a pollutant, see Appellant's brief at 21, and evidence was adduced in support of and against this contention. The Continental doctrine, therefore, applies and renders pre-trial error, if any, moot or harmless. As the Supreme Court noted, it would work an injustice to reverse a judicial determination based upon a greater quantum of evidence in favor of one reached before trial on less evidence. See Continental Ins.Co. v. Whittington., 71 Ohio St.3d at 157, 642 N.E.2d at 620, citing with approval Home Indemn. Co. v. Reynolds Co. (1962),38 Ill. App.2d 358, 365-367, 187 N.E.2d 274, 277-278. Air Products's first assignment of error is overruled.
Indiana's Summary-Judgment Assignment of Error
In its first assignment of error, Indiana contends that the trial court erred in granting summary judgment in favor of Air Products on the duty-to-defend issue. Indiana contends that "[i]nexplicably, even though the Trial Court held there were issues of fact, it granted partial summary judgment to [Air Products] on the duty to defend." As those issues of fact were ultimately resolved in Indiana's favor at the conclusion of trial, Indiana argues that the trial court must have erred in February 1998 when it granted summary judgment for Air Products.
As an initial matter, we note that the December 7, 1998, "second entry" on summary judgment, from which Indiana purports to appeal is, for purposes of this appeal, a legal chimera. The "second entry" was journalized after Air Products's December 2, 1998, notice of appeal was filed. "When a case has been appealed, the trial court retains all jurisdiction not inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment." Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.
(1994), 70 Ohio St.3d 141, 146, 637 N.E.2d 890, 895. A ruling by the trial court which purports to modify a pre-trial ruling that is a basis of the appeal is inconsistent with the power of this court to reverse, modify or affirm the judgment below. Therefore, the "second entry" is a nullity which will not be considered in our resolution of this assignment of error.
The function of summary judgment is to determine from the evidentiary materials if triable factual issues exist. A motion for summary judgment shall be granted if the court, upon viewing the inferences to be drawn from the underlying facts set forth in the pleadings, depositions, answers to interrogatories, written admissions, and affidavits in a light most favorable to the party opposing the motion, determines (1) that no genuine issue of material fact remains to be litigated, (2) that the moving party is entitled to judgment as a matter of law, and (3) that the evidence demonstrates that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the motion. See Civ.R. 56(C); see, also, Dresher v. Burt.
The substantive law governing this appeal specifies that an insurer's duty to defend under an insurance policy is separate and distinct from the insurer's duty to indemnify. See W. Lyman Case Co. v. Natl. City Corp. (1996) 76 Ohio St.3d 345,667 N.E.2d 978. Insurers generally have a much broader duty to defend, and a duty to defend may exist even though the insurer ultimately has no obligation to provide coverage. See Motorists Mutual Ins. Co. v.Trainor (1973), 33 Ohio St.2d 41, 294 N.E.2d 874.
The duty to defend arises "where the pleadings unequivocally bring the action within the coverage afforded by the policy." If the duty to defend is not apparent from the pleadings, it arises when the "allegations do state a claim which is potentially or arguably within the policy coverage, or [when] there is some doubt as to whether a theory of recovery within the policy coverage has been pleaded." Willoughby Hills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177,180, 459 N.E.2d 555, 558.
Reviewing the evidentiary material submitted to the trial court for its February 1998 summary-judgment rulings, and construing them most strongly in favor of Indiana, we hold that genuine issues of material fact existed in February 1998 as to whether the policies arguably covered Killingsworth's claims for bodily injury resulting from the explosion in the maintenance and storage building being built for Air Products. The trial court, therefore, did not err in granting summary judgment for Air Products on the duty-to-defend issue. As noted by amicus curiae, Bituminous Insurance Company, in its well-reasoned brief, "Indeed, it was precisely the factual issues preventing summary judgment on the issue of coverage that warranted" summary judgment for Air Products on the duty-to-defend issue. That the trial court later extinguished that duty prospectively by finding no duty to indemnify does not call into question its pre-trial ruling. Accordingly, Indiana's first assignment of error is overruled.
The Bench-Trial Assignment of Error
In its second assignment of error, Air Products asserts that the trial court erred by entering judgment in favor of Indiana on the duty-to-indemnify issue. Air Products contends that the pollution and professional liability exclusions do not extinguish liability under these policies.
An appellate court will not reverse a judgment of the trial court if it is supported by some competent, credible evidence going to all the essential elements of the case or defense. See Myers v.Garson (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; C.E. Morris Co.v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus. In addressing the evidence in a given case, we are guided by the principle that whether the case is "civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The rationale underlying this deference is that "the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and to use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80, 461 N.E.2d 1273, 1276.
Here, there is ample evidence of record to support the trial court's conclusion that Killingsworth's bodily-injury claims arose from the flawed professional services rendered by MSP. The absence of a venting system permitted methane gas, seeping through foundation cracks, to accumulate in the building. The court also had competent credible evidence, including the testimony of Phillip Hayden, Ph.D., from which to conclude that the methane was a gaseous contaminant to the air in the building — a pollutant within the meaning of the policy terms. Therefore, the court, in weighing the testimony and evidence adduced at trial, did not err in excluding coverage under the policies. The assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 Sundermann and Shannon, JJ., concur.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.
[1] Air Products also raised claims that Indiana had acted in bad faith in denying coverage and a defense. While the trial court journalized an entry and finding that Indiana had no duty to indemnify Air Products, no ruling appears in the record certified for appeal on Air Products's bad-faith claim. Consistent with this conclusion is the Civ.R. 54(B) certification added to the court's November 1998 judgment entry. Therefore, we do not address the issue of bad faith.