OPINION
Plaintiffs-appellants, Jerry Cremeans, et al., appeal from a judgment rendered by the Monroe County Common Pleas Court, overruling their motion for summary judgment and sustaining a motion for summary judgment filed by defendants-appellees, Nationwide Mutual Fire Insurance Company, et al. For the following reasons, the trial court's judgment is reversed and this cause is remanded.
 STATEMENT OF FACTS
Appellants owned a home in Monroe County. They sold it to James and Joanette Wells (the Wells). Several months later, the Wells discovered petroleum in the water which is supplied by a well on the property. The Wells filed a complaint against appellants, alleging that appellants knew the water was contaminated prior to the sale and failed to disclose such knowledge. The complaint contained two counts. The first count alleged intentional misrepresentation. The second count alleged that, in the event appellants were not aware of the contamination, they were, nonetheless, negligent in not giving notice.
From October 22, 1995 to November 18, 1996, appellants were covered under a homeowners insurance policy issued by appellees. Appellees refused to provide a defense to appellants in the lawsuit brought against them by the Wells. Appellants filed a declaratory judgment action claiming that they were entitled to coverage and defense under the terms of their policy. Appellants and appellees filed respective motions for summary judgment. The trial court overruled appellants' motion and sustained appellees'. This appeal followed.
 ASSIGNMENT OF ERROR
Appellants' sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLEE AND IN DENYING SUMMARY JUDGMENT TO PLAINTIFF-APPELLANTS IN THEIR ACTION FOR A DECLARATORY JUDGMENT THAT DEFENDANT-APPELLEE OWES THEM A DEFENSE, COVERAGE, AND COSTS WITH RESPECT TO THE ACTION BROUGHT AGAINST PLAINTIFF-APPELLEES BY JAMES AND JOANETTE WELLS."
 STANDARD OF REVIEW
We review the trial court's grant of summary judgment de novo.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108. Pursuant to Civ.R. 56(C), summary judgment is proper if: (1) no genuine issue of material fact remains to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears that reasonable minds can only come to a conclusion that is adverse to the nonmovant. Welco Indus., Inc. v. Allied Cos. (1993),67 Ohio St.3d 344, 346. A trial court should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. Id. Nevertheless, summary judgment is appropriate where the nonmovant fails to produce evidence demonstrating that a genuine issue of material fact exists. Id.
The movant has the initial burden of informing the trial court of the basis for its summary judgment motion by identifying the portions of the record that demonstrate the absence of a genuine issue for trial. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The burden then shifts to the nonmovant to set forth specific facts showing that there is a genuine issue for trial in that reasonable minds could reach different conclusions. Id. To meet these burdens, the parties must point to the proper supporting evidence. This evidence consists of pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact. Civ.R. 56(C).
Appellants claim that they are entitled to a legal defense in the action brought against them by the Wells. Their insurance policy provides:
 "We will pay damages the insured is legally obligated to pay due to an occurrence.
 We will provide a defense at our own expense by counsel of our choice. We may investigate and settle any claim or suit. Our duty to defend a claim or suit ends when the amount we pay for damages equals our limit of liability."
The policy defines "occurrence" as "bodily injury or property damage resulting from: (a) one accident; or (b) continuous or repeated exposure to the same general condition." "Property damage" is defined as "physical injury to or destruction of tangible property. This includes resulting loss of its use." An amendment to the policy excludes intentional and willful acts from coverage.
Appellants insist that the Wells' lawsuit meets this standard. They note that in addition to the intentional misrepresentation claim, the Wells alleged negligence. Appellants contend that the negligence count obligates appellees to provide a defense for the entire action.
Appellants further maintain that they are entitled to coverage under the policy, attorneys fees and costs associated with the Wells' action.
Appellees argue that they are not under a duty to defend appellants in the Wells' action. They contend that they did not agree to defend appellants for fraudulent conduct. Moreover, they note that the policy expressly excludes from coverage intentional conduct that results in a loss.
 LAW AND ANALYSIS
In Jones v. Cincinnati Ins. Co. (June 21, 1999), Mahoning App. No. 96CA43, unreported, this court recognized the well-settled principle that an insurance company has a duty to defend an insured against an action if the complaint alleges conduct which falls within the scope of the applicable policy. Id. (citing Motorists Mut. Ins. Co. v. Trainor (1973),33 Ohio St.2d 41). Furthermore, we explained that an insurer's duty to defend also extends to those instances in which allegations within the complaint state a claim which may arguably or potentially be within policy coverage or where there remains some doubt as to whether a theory of recovery falls within the scope of coverage. Id. (citing WilloughbyHills v. Cincinnati Ins. Co. (1984), 9 Ohio St.3d 177, 180). This duty to defend exists even though the underlying action may eventually produce a result which in fact does not trigger a duty to indemnify under the policy. Preferred Mut. Ins. Co. v. Thompson (1986), 23 Ohio St.3d 78, 80.
While this authority demonstrates that an insurer's duty to defend is quite broad, it is not all encompassing. The duty to defend does not extend to those instances in which the complaint contains no allegation that states a claim potentially or arguably within the policy coverage.Westfield Ins. Co. v. Jarrett Reclamation Serv., Inc. (1996),114 Ohio App.3d 492, 499. An insurer's duty to defend will be held to have been absolved if it is determined that there is no possibility of coverage under the policy as related to the allegations in the complaint. Wedge Products, Inc. v. Hartford Equity Sales Co. (1987),31 Ohio St.3d 65, 67-68. Similarly, if allegations in a complaint raise claims which are excluded under the policies of insurance, the duty to defend is extinguished. W. Lyman Case Co. v. National City Corp.
(1996), 76 Ohio St.3d 345, 349. An insurance company has no obligation to its insured unless the conduct at issue falls within the scope of coverage. Gearing v. Nationwide Ins. Co. (1996), 76 Ohio St.3d 34, 36.
The first count alleged in the Wells' complaint does not invoke a duty to defend on the part of appellees. The insurance policy expressly excludes personal liability "caused intentionally by or at the direction of an insured, including willful acts the result of which the insured knows or ought to know will follow from the insured's conduct." The first count alleged in the Wells' complaint alleges intentional misrepresentation. It is clear that this count is not within the scope of the insurance policy. Jones, supra. Furthermore, this allegation is not arguably or potentially within the policy coverage. Jones and Westfield,supra.
The second count, however, does invoke appellees' duty to defend appellants. This count alleges that appellants were negligent in failing to give notice of the contamination. As a result of that negligence, the complaint alleges that the value of the property was diminished and the pipes and appliances inside the house were ruined. Because this allegation claims destruction to tangible property, it satisfies the policy's definition of "property damage."
However, appellees claim that the Wells' complaint does not allege actionable negligence. Appellees correctly note that Ohio is a caveatemptor state. They argue that appellants had no duty to warn the Wells that the water supply was contaminated. As such, appellees conclude that they have no duty to defend appellants.
Under the doctrine of caveat emptor, a seller is only obligated to disclose those defects known to him that could not be readily discovered by a reasonable inspection. Blake v. John Doe 1 (1993), 89 Ohio App.3d 130,133. The Ohio Supreme Court noted that without the doctrine, nearly every sale would invite litigation instituted by a disappointed buyer. Laymanv. Binns (1988), 35 Ohio St.3d 176, 177. "A seller of realty is not obligated to reveal all that he or she knows. A duty falls upon the purchaser to make inquiry and examination." Id. The doctrine precludes recovery against a seller by a disappointed purchaser when: (1) the defect or condition is open to observation or discoverable on reasonable inspection; (2) the purchaser had unimpeded opportunity to examine the property; and (3) the seller did not engage in affirmative misrepresentation or concealment so reprehensible in nature as to constitute fraud. Id. at 179.
Given the limited facts before us, it is unclear whether the doctrine of caveat emptor will prevent the Wells from recovering against appellants. Appellees' duty to defend appellants, however, does not turn on whether the Wells state a meritorious claim. It turns, rather, on whether the claim brings the action within coverage under the terms of the policy. Motorists Mut., supra. The Ohio Supreme Court has held:
 "The test of the duty of an insurance company, under a policy of liability insurance, to defend the action against an insured, is the scope of the allegations of the complaint in the action against the insured, and where the complaint brings the action within the coverage of the policy the insurer is required to make defense, regardless of the ultimate outcome of the action or its liability to the insured." Id. at syllabus.
Furthermore, where a complaint states a claim that is partially or arguably within policy coverage, the insurer has an absolute duty to assume the defense of the entire action. Sanderson v. Ohio Edison Co.
(1994) 69 Ohio St.3d 582, syllabus. The second count of the claim against appellants implicates an "occurrence" under the terms of the policy. Therefore, at first glance, it appears that appellees have an absolute duty to defend appellants in the entire action brought by the Wells, even if that suit turns out to lack merit.
However, appellees insist that if there was property damage, it occurred subsequent to the policy period. They note that the policy lapsed on November 18, 1996. While James Wells could not recall the exact date on which he and his wife moved in, he testified that it was "right before Thanksgiving." (James Wells Depo. at 5). Thanksgiving fell on November 28 in 1996. Moreover, appellees note that James Wells testified that they did not experience any problems with the quality of water prior to the spring of 1997. (James Wells Depo. at 34-36). As such, appellees argue that they are not obligated to defend appellants.
Appellees further argue that if the allegations stated in the Wells' complaint are true, the alleged occurrence, damage to property caused by contamination, would have been on-going. They contend that damage would have necessarily occurred during the policy period.
This dispute concerning the date on which the alleged property damage occurred illustrates a genuine issue of material fact. If the damage arose subsequent to the policy period, no occurrence under the terms of the policy existed, and appellees have no duty to defend. However, if the property damage arose while appellants were insured, such damage amounts to an occurrence under the policy, invoking appellees' duty to defend appellants in the suit brought by the Wells. As such summary judgment was improper. Welco Indus., supra. Appellants' assignment of error, therefore, is found to have merit.
Additionally, if appellees are found to have a duty to defend appellants, they must reimburse appellants for costs and attorney fees incurred in this action and already expended in defending the lawsuit filed by the Wells. When an insurance company wrongfully refuses to defend an action against an insured, the insurance company is liable for costs, including attorney fees and expenses, incurred by the insured in defending the initial action and in vindicating his or her right to indemnity in an action brought against the insurance company. GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17,21.
For the foregoing reasons, the judgment of the trial court is reversed and this cause is remanded for a determination as to whether the alleged occurrence happened during the policy period. If so, appellees must provide appellants with a defense, liability coverage if necessary, attorney fees and costs.
 ___________________ VUKOVICH, J.
Cox, P.J., concurs.
Waite, J., concurs.