DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Elevators Mutual Insurance Co. ("Elevators Mutual"), appeals from the judgment of the Wayne County Court of Common Pleas, which granted declaratory judgment in favor of Mount Eaton Lumber Company, Inc. ("Mount Eaton"). We reverse and remand
 I. {¶ 2} This appeal arises from an action for breach of contract filed by Appellees, Ettore Scassa and Mary Scassa (collectively, the "Scassas"), against Mount Eaton and Norman Shetler ("Shetler") in Carroll County.[1] The underlying action is based upon a Timber Sales Agreement that the Scassas and Mount Eaton entered into on April 29, 1999. Under the agreement, Mr. Shetler and Mount Eaton were to remove certain timber from a portion of the Scassas' land, in exchange for a payment by Mount Eaton and Mr. Shetler to the Scassas. During the execution of this agreement, Mount Eaton was the named insured under a commercial general liability coverage policy issued by Elevators Mutual, which was in full force and effect during the execution of the agreement.
 {¶ 3} On October 1, 2001, Elevators Mutual filed a complaint for declaratory judgment against Mount Eaton, Mr. Shetler, and the Scassas, in Wayne County, seeking declaratory judgment that the Scassas' claims in their Carroll County lawsuit are excluded by the language of the insurance policy; that Elevators Mutual has no duty under its policy to defend Mount Eaton and Mr. Shetler's underlying case in Carroll County; and that Elevators Mutual has no duty under its policy to provide coverage to Mount Eaton and Mr. Shetler for the claims asserted in the underlying case.
 {¶ 4} Thereafter, Elevators Mutual filed a motion for summary judgment against the Scassas, Mount Eaton, and Mr. Shetler. Mount Eaton and Mr. Shetler filed a joint cross motion for summary judgment in the trial court. In the intervening time, the Scassas filed an amended complaint in the underlying action, which included a negligence claim. Specifically, the Scassas averred that Mount Eaton and Mr. Shetler were negligent and breached the agreement in that they failed to repair damaged fences; failed to remove logs, treetops, brush, and other obstructions; removed 13 acres of timber in excess of the acreage permitted by the agreement; failed to grade and scale timber removed and engaged in certain other acts alleged to be intentional, malicious, and fraudulent in expanding the amount of acreage from which trees were cut on the Scassas' land; and cut a specific tree that was orally agreed to not be cut down.
 {¶ 5} Pursuant to the Scassas' addition of a negligence claim, Elevators Mutual, Mount Eaton, and Mr. Shetler supplemented their previously filed summary judgment motions accordingly. On June 5, 2002, the trial court granted Elevators Mutual's motion for summary judgment, denied Mount Eaton and Mr. Shetler's motion for summary judgment, and concluded that Elevators Mutual was not required to defend or indemnify Mount Eaton and Mr. Shetler with respect to the underlying case. The court specifically found that a breach of contract is not an "occurrence" as defined by the language of Elevators Mutual's policy. The court further found that both the Scassas' negligence and breach of contract claims "are based on the timber contract[,]" and that therefore Mount Eaton and Mr. Shetler were not entitled to coverage under the policy.[2]
 {¶ 6} On July 5, 2002, Mount Eaton and Mr. Shetler appealed to this Court. In a decision dated December 31, 2002, we reversed the trial court's judgment and remanded the case for further proceedings consistent with our decision. Elevators Mutual Ins. Co. v. Scassa, 9th Dist. No. 02CA0039, 2002-Ohio-7315, at ¶ 1. We held that a genuine issue of material fact remained as to whether the Scassas in fact stated a claim that was potentially or arguably within the scope of the policy's coverage. Id. at ¶ 17.
 {¶ 7} On remand to the trial court, Elevators Mutual filed a second motion for summary judgment, claiming that the damages alleged in the Scassa's complaint were excluded from coverage pursuant to the policy's language. On February 20, 2004, Mount Eaton and Shetler replied, and also filed a second cross-motion for summary judgment. The parties also submitted joint stipulations of facts to the trial court.
 {¶ 8} On July 28, 2003, the trial court issued a judgment and found that "judgment should be on behalf of defendants [Mount] Eaton * * * and [Mr.] Shetler." The court finds that plaintiff has a duty to defend and indemnify [Mount] Eaton * * *. It is from this judgment entry granting judgment in Mount Eaton and Mr. Shetler's favor that Elevators Mutual now appeals.
 {¶ 9} Elevators Mutual timely appealed, asserting four assignments of error for review. We address Elevators Mutual's second, third, and fourth assignments of error together for ease of review.
 II. A. First Assignment of Error
"The trial court erred as a matter of law in holding that elevators mutual insurance has a duty to indemnify mt. eaton lumber and norman shetler prior to the carroll county, ohio, court of common pleas entering judgment against mt. eaton and norman shetler."
 {¶ 10} In its first assignment of error, Elevators Mutual contends that the trial court erred as a matter of law in concluding that Elevators Mutual has a duty to indemnify Mount Eaton and Mr. Shetler without a judgment entered against Mount Eaton and Mr. Shelter in the underlying case in Carroll County. We agree.
 {¶ 11} In this case, the trial court concluded that not only did Elevators Mutual have the duty to provide Mount Eaton and Mr. Shetler with a defense in the underlying case, but that Elevators Mutual also had the duty to indemnify these parties from the suit. However, "[t]he duty to defend is separate and distinct from the duty to indemnify." W. LymanCase Co. v. Natl. City Corp., 76 Ohio St.3d 345, 347, 1996-Ohio-392. See, also, Perkins v. Schneider (1998), 128 Ohio App.3d 121, 125
(concluding that "a distinction must be drawn between the duty to defend and the duty to indemnify"); Chemstress Consultant Co., Inc. v.Cincinnati Ins. Co. (1998), 128 Ohio App.3d 396, 402.
 {¶ 12} The Supreme Court of Ohio has made clear that the duty to defend against a claim arises in a different manner from a duty to indemnify for any liability that results from that claim. W. Lyman Case Co., 76 Ohio St.3d at 347. While a duty to defend arises if the allegations in the pleadings state a claim "potentially and arguably" within the policy's coverage, Wedge Prod., Inc. v. Hartford Equity SalesCo. (1987), 31 Ohio St.3d 65, 67, the duty to indemnify, on the other hand, arises only if liability in fact exists under the policy.Chemstress Consultant, Inc., 128 Ohio App.3d at 402. "The trial court could not make such a determination without some proof of the actual facts underlying the * * * plaintiff's complaint." Id.
 {¶ 13} In the instant case, the Carroll County court has not yet determined whether Mount Eaton and Mr. Shetler are liable for any damages resulting to the Scassas' property from their activities on the land Thus, it necessarily follows, that, until liability is actually imposed on Mount Eaton and Mr. Shetler, one cannot reach a determination as to whether Elevators Mutual has a duty to indemnify these parties. Therefore, we find, that, given the pending status of the underlying case regarding the timber sales agreement, the trial court erred as a matter of law when it found that Elevators Mutual had a duty to indemnify Mount Eaton and Mr. Shetler, and also when it entered judgment on in favor of Mount Eaton and Mr. Shetler on their motion for summary judgment in this respect. Accordingly, Elevators Mutual's first assignment of error is sustained.
 B. Second Assignment of Error
"The trial court erred as a matter of law in holding that elevators mutual insurance has a duty to defend and indemnify mt. eaton lumber and norman shetler for alleged damages resulting from their alleged failure to clean up and repair the scassa's property, because these alleged damages are specifically excluded from coverage under the policy."
 Third Assignment of Error
"The trial court erred as a matter of law in holding that elevators mutual insurance co. has a duty to defend and indemnify mt. eaton lumber and norman shetler for alleged damages resulting from their alleged improper removal of timber from the scassa's property, because these alleged damages are specifically excluded from coverage under the policy."
 Fourth Assignment of Error
"The trial court erred as a matter of law in holding that elevators mutual insurance co. has a duty to defend and indemnify mt. eaton lumber and norman shetler from alleged damages resulting from the alleged failure to grade and scale the timber as agreed upon by the parties, because these alleged damages are specifically excluded from coverage under the policy, and said alleged failure, if true, would constitute a breach of contract and, therefore, not an `occurrence' under the contract, as a matter of law."
 {¶ 14} In its second, third, and fourth assignments of error, Elevators Mutual avers that certain damages, which the Scassas claim resulted from Mr. Shetler and Mount Eaton's activities on the land, are excluded from the scope of the insurance policy's coverage. Due to the pending status of the underlying case and our determination above, we need not address these arguments at this time, as they are not yet ripe and would be more appropriately addressed after the disposition of the underlying case. Therefore, we decline to address the remainder of Elevators Mutual's assignments of error at this time.
 III. {¶ 15} Elevators Mutual's first assignment of error is sustained. Elevators Mutual's second, third, and fourth assignments of error are not addressed. The judgment of the Wayne County Court of Common Pleas is reversed on the basis of the indemnification issue, and the cause is remanded for further proceedings consistent with this decision.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Whitmore, P.J., Slaby, J., concur.
[1] Case No. 01-CVH-22785. This underlying action is still pending in Carroll County while the instant matter is before this Court.
[2] On August 2, 2002, the trial court issued a nunc pro tunc final judgment entry, which reiterated the court's June 5, 2002 judgment, but added Civ.R. 54(B) language specifying that there was "no just reason for delay."