# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1482


MOBILE IMAGING, INC.

VERSUS

KEVIN FIX AND CONNIE FIX
D/B/A ULTIMATE MEDICAL SERVICES
AND ULTIMATE MEDICAL SERVICES, INC.


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 04-3726
HONORABLE RICK BRYANT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


## OSWALD A. DECUIR
## JUDGE

**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir and Glenn B. Gremillion, Judges.


**AFFIRMED.**


**Mickey S. deLaup**
**Stephanie L. Cook**
**deLaup Schexnayder & Miranda, LLC**
**110 Veterans Memorial Boulevard, Suite 535**
**Metairie, LA 70005**
**(504) 828-2277**
**Counsel for Defendant/Appellee:**
  **United National Insurance Company**

**Michael G. Durand**
**Douglas W. Truxillo**
**Onebane Law Firm**
**P. O. Box 3507**
**Lafayette, LA 70502-3507**
**(337) 237-2660**
**Counsel for Defendant/Appellee:**
  **Gemini Insurance Company**

**John E. Galloway**
**Kimberly G. Anderson**
**Kevin F. Bruce**
**Galloway, Johnson, Tompkins, Burr & Smith**
**701 Poydras Street, Suite 4040**
**New Orleans, LA 70139**
**(504) 525-6802**
**Counsel for Defendant/Appellee:**
      **Evanston Insurance Company**

**Max McCain Morris**
**Attorney at Law**
**1322 Ryan Street**
**Lake Charles, LA 70601**
**(337) 436-6188**
**Counsel for Plaintiff/Appellee:**
      **Mobile Imaging, Inc.**

**Merrick J. (Rick) Norman  Jr.**
**Norman Business Law Center**
**145 East Street**
**Lake Charles, LA 70601**
**(337) 436-7787**
**Counsel for Plaintiff/Appellee:**
      **Mobile Imaging, Inc.**

**Richard D. Moreno**
**Robinson and Moreno, L.L.C.**
**One Lakeshore Drive, Suite 1684**
**Lake Charles, LA 70629**
**(337) 433-9535**
**Counsel for Defendants/Appellants:**
      **Kevin Fix**
      **Connie Fix**
      **Ultimate Medical Services, Inc.**

**DECUIR, Judge.**

Defendants/third party plaintiffs, Kevin Fix and Connie Fix, d/b/a Ultimate Medical Services, Inc., appeal summary judgment granted in favor of Evanston Insurance Company, Gemini Insurance Company, and United National Insurance Company. Finding the three insurance companies had no duty to defend or indemnify the third party plaintiffs against claims made by the original plaintiff, Mobile Imaging, Inc., the trial court dismissed the insurers via summary judgment. For the following reasons, we affirm.

Mobile Imaging, the plaintiff in the main demand, filed suit against Kevin and Connie Fix and their business, Ultimate Medical Services (UMS), for redhibition and breach of contract following the sale of a refurbished CT scanner. Mobile Imaging purchased the scanner in order to lease it to Dequincy Memorial Hospital, along with a maintenance and service agreement. The contract between Mobile Imaging and UMS, dated August of 2002, specified a certain RP-type scanner, which UMS then sought to obtain from Tommy Geske, d/b/a Sunrise Technology Solutions and Sunrise Medical Technology, Inc. (Sunrise). Sunrise, as a subcontractor of UMS, provided a temporary machine, a Z-type scanner, which was installed at Dequincy Memorial Hospital on September 5, 2002. When an RP-type scanner became available, it was purchased and installed at the hospital in January of 2003. Shortly thereafter, it began to malfunction, and the hospital eventually ceased making payments to Mobile Imaging pursuant to the lease agreement. In its petition against UMS, Mobile Imaging alleged that the RP-type scanner had redhibitory defects and did not conform to the specifications of the purchase agreement.

In a third party demand, UMS sought a defense and indemnity from its comprehensive general liability insurers. It named as third party defendants Gemini and United National, both of which provided CGL coverage to UMS. Gemini

provided two separate policies; the first coverage period was from September 7, 2001 through September 7, 2002, and the second pertinent period of coverage was from September 7, 2003 through September 7, 2004. United National's coverage period extended from September 7, 2002 through September 7, 2003. UMS also sued Sunrise and its CGL insurer, Evanston, which provided coverage to Sunrise in two separate policies from February 4, 2002 through February 4, 2004, alleging negligence, fraud, and misrepresentation.

The policies at issue are typical comprehensive general liability policies which provide coverage for bodily injury and property damage resulting from an occurrence during the policy period. The policies exclude coverage for damage to the insured's work product, whether in progress or completed and whether done by the insured or its subcontractors. The pertinent terms and exclusions in the policies before us were explained in detail by the supreme court in the recent case titled *Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.,* 06-1827 (La. 5/22/07), 958 So.2d 634, which held that property damage to the insured's work product is excluded from CGL coverage. The court explained:

> Professors McKenzie and Johnson define both the "work product" exclusion and the "PCOH" [products-completed operations hazard] provision. See, § 186, pp. 512-521 and § 195, at pp. 554-562 in 15 La. Civil Law Treatise (3d ed.2006). The "work product" exclusion reflects the insurance company's intent to "avoid the possibility that coverage under a CGL policy will be used to repair and replace the insured's defective products and faulty workmanship." A CGL policy is not written to guarantee the quality of the insured's work or product. *McMath Const. Co., Inc. v. Dupuy*, 03-1413 (La.App. 1st Cir.11/17/04), 897 So.2d 677, 682, *writ denied*, 04-3085 (La.2/18/05), 896 So.2d 40
>
> . . . .
>
> Louisiana courts have consistently held that the "work product" exclusion eliminates coverage for the cost of repairing or replacing the insured's own defective work or defective product.

*Id.* at 641-643 (footnote omitted). Further quoting from McKenzie and Johnson, the

*Supreme Services* court gave the following illustration:

> McKenzie and Johnson, *supra* at 510, explains the PCOH coverage as follows:
>
>> Any insured who manufactured, sold, handled, or distributed goods or products was exposed to the products hazard, which is the risk of liability *arising out of* products after they have left the hands of the insured. The completed operations hazard refers to the insured's exposure to liability arising out of completed work performed away from his premises.
>
> This provision can be clearly explained by this example:
>
>> Suppose an insured contracted to make and install a sign on a commercial building. After the work was completed, the sign fell due to defective installation, causing damage to the sign, the building's canopy, a parked car, and also bodily injury to a pedestrian. The insurer covering the products-completed operations hazard would cover all claims except the contractor's responsibility to repair and replace the sign, coverage for which would be excluded under the product and work exclusions.
>
> McKenzie and Johnson, fn. 34, p. 521.

*Id.* at 644.

In the case before us, the object of the suit filed by Mobile Imaging is the allegedly defective CT scanner provided by UMS and Sunrise, and recission of the sale was sought. No damage to third parties or to other property was alleged. No occurrence took place.

In this appeal, we need not consider the allegations of the third party demand made by UMS against Sunrise, which raised issues of fraud, improper training, and material misrepresentation. Rather, in order to determine whether an insurer may have a duty to defend its insured against claims made against it, we look only to the original allegations of fault made against the insured:

The cornerstone pronouncement of the "duty to defend" rule is found in *American Home Assurance Company v. Czarniecki*, 255 La. 251, 230 So.2d 253 (1969), where the Louisiana Supreme Court stated at 259, 230 So.2d 253:

> "[T]he insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage.
>
> Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured."
>
> On the other hand, if it is clear that the allegations of plaintiff's petition refer only to acts or omissions that are excluded from coverage under the terms of the policy, then the insurer owes no duty to defend. *Bourque v. Lehmann Lathe, Inc.*, 476 So.2d 1129 (La.App. 3rd Cir.1985), *writ denied*, 479 So.2d 362 (La.1985).

*Duhon v. Nitrogen Pumping & Coiled Tubing Specialists, Inc.*, 611 So.2d 158, 160 (La.App. 3 Cir. 1992).

In the case before us, UMS has sought to invoke coverage provisions that are excluded under the facts alleged in the main demand against UMS, the insured. UMS seeks a defense to claims asserted against it for defects in its own work product, not for damages resulting from that work product. The terms of the policies before us do not provide such a defense.

Article 966(B) of the Louisiana Code of Civil Procedure provides that a motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits submitted, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. Specifically regarding the question of insurance

4

coverage, the jurisprudence of this state consistently holds, "[a] court should only grant the motion for summary judgment when the facts are taken into account and it is clear that the provisions of the insurance policy do not afford coverage. *Reynolds v. Select*, 93-1480 (La. 4/11/94), 634 So.2d 1180, 1183." *Supreme Servs.*, 958 So.2d at 638.

After considering the evidence submitted to the trial court, we find no error in the summary judgment dismissing the three named comprehensive general liability insurers. Accordingly, we affirm the judgment rendered in their favor. Our decision on the applicability of the exclusionary language in the Evanston, Gemini, and National Union policies renders moot any discussion of other issues raised by the parties.

Costs of this appeal are assessed to UMS.

**AFFIRMED.**